John H. Goenen, Plaintiff in Error, *vs.* John N. Schroeder, Defendant in Error.

### ERROR TO THE DISTRICT COURT OF HENNEPIN COUNTY.

A justice of the peace has no power to certify a cause up to the District Court under *Section* 8 *of Art.* 6 *of the Constitution* of the State, and *Sec.* 38, *p*, 502, of the *Compiled Statutes,* until the title to real estate is brought into question and disputed by the evidence offered on the trial. It is the intention of the Constitution to prevent Justices' Courts from trying questions of disputed titles, and the fact of title being involved in the pleadings, is not alone sufficient to oust those courts of jurisdiction.

The act of July 29, 1858, on page 646 of the *Compiled Statutes,* gives one year in which to redeem lands sold under a power of sale contained in a mortgage. The clause contained in said act in the following words, ("or such other time as may be prescribed by law,") so far as it is intended to confer upon future Legislatures the power to alter the time of redemption in mortgages executed under said act is inoperative and void, it being in conflict with *Sec.* 11 *of Art.* 1 *of the Constitution of this State,* and *Sec.* 10 *of Art.* 1 *of the Constitution of the United States,* its effect being to impair the obligation of contracts made under the law.

The Act of the Legislature, passed March 10th, 1860, (*Sess. Laws of* 1860, *p.* 275,) which gives three years time within which to redeem real estate sold under mortgages, does not affect sales made by virtue of powers of sale contained in mortgages which were executed prior to its passage.

## Points and Authorities of Plaintiff in Error.

I.—The Justice of the Peace had no jurisdiction in the cause subsequent to the filing of the complaint.

Because the statements of the complaint involved the title to real estate.

He should, therefore, have granted the Defendant's motion. *Const. of Minn., Art.* 6, *sec.* 8.

II.—The time of redemption had not expired, for the rea-

Goenen v. Schroeder.

son that the mortgage was made after the taking effect of the act of July 29th, 1858, which provides that the mortgagor may redeem at any time within one year after the sale, or within such other time as may be prescribed by law. *See Comp. Stats., p.* 646, *sec.* 1, *of Act of July* 29, 1858.

That " such other time" had been prescribed by law some eighteen months prior to the foreclosure, by the act of March 10th, 1860, and the Defendant in Error took his mortgage, subject to the right of the Legislature to so prescribe the time of redemption.

III.—In the case of *Heyward vs. Judd*, the Supreme Court (Atwater, Judge) says : " And the mortgagor has expressly adopted this law by making it a part of his contract." *4th Minn., p.* 495.

The Plaintiff in Error is fully satisfied with this view of the law of July 29, 1858. He expressly adopted it as a part of his contract, and is willing to abide by it. And instead of authorizing the mortgagee to sell and convey the premises in accordance with the provisions of the statute in such case made and provided, as he did do in his power of sale, had the parties adopted the precise words of the law, and said that " The purchaser at the mortgage sale should hold the premises subject to the right of the mortgagor to redeem the same within one year thereafter, or within such other time as might be prescribed by law," it would only have been expressing more fully the intention of the parties, in words, in full rather than by reference to the law itself.

Points and Authorities of Defendant in Error.

I.—The action was not properly brought to District Court. *Constitution, Arts* 5 *and* 6.

II.—By the parenthetical clause of the act of July 29, 1858 (as construed by Plaintiff in Error,) the Legislature tried to reserve, what they never had, a right to pass a retrospective law, a law affecting a vested right, the obligations of a contract. *Comp. Stats., p.* 396, *sec.* 60; 4 *Minn. Rep.*, 298, 483;

*Smith's Comm.*, sec. 170; 5 *Minn.*, 277.　Land law should be settled, and so understood.

L. M. BROWN, Counsel for Plaintiff in Error.

BRISBIN & WARNER, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J.—A mortgage was executed on the premises in question by the Defendant and wife on the 3d day of August, 1858, which was conditioned to pay a certain sum of money in eight months from its date. Default was made in the condition, and on the 26th day of October, 1861, the land was sold by virtue of a power of sale contained in the mortgage, and purchased by the Plaintiff for the sum of $280 59. The proper certificates were executed by the Sheriff. The premises not being redeemed by the 1st day of November, 1862, the sheriff on that day executed and delivered to the Plaintiff, as purchaser, a deed of the same. On the 7th day of April, 1863, the Plaintiff demanded possession of the land of the Defendant, who refused to deliver it up. This action is brought before a justice of the peace to recover the possession.

The answer sets up that on the 20th day of February, 1863, the Defendant offered to pay to the Plaintiff the sum of $400 in good and lawful money of the United States, and requested the Plaintiff to convey the land to him, which was refused unless the Defendant would pay the sum of four hundred dollars in gold and silver coin. The Defendant also denies that the time for redeeming the land has expired.

The Defendant asked to have the suit dismissed, on the ground that the complaint did not state a cause of action, which was denied by the justice. The Plaintiff had judgment. The case went to the District Court on *certiorari*, and the judgment was there affirmed.

Two points are here presented :

First—Should the justice have refused to hear the case on the ground that the title to real estate is involved in the pleadings ? and

Second—Was the Plaintiff entitled to the possession of the premises under the purchase at his mortgage sale ?

The Constitution of the State by *Article* 6, *section* 8, provides that " no justice of the peace shall have jurisdiction in any cause involving the title to real estate." The Court below held that " on a trial before a justice of the peace, the title to real estate cannot, under the statute, come properly in question upon the pleadings, but is raised by the evidence.', The statute referred to is probably *Compiled Statutes*, 502, *section* 38, where it is provided that " if it shall appear on the trial of any cause before a justice of the peace, from the evidence of either party, that the title to land is in question, which title shall be disputed by the other party, the justice shall certify the case to the District Court, &c."

This section was passed when the Organic Act of the Territory was the fundamental law. The provision in this act concerning justices of the peace, was, that they " shall not have jurisdiction of any matter in controversy, where the title or boundaries of land may be in dispute." This provision is similar in all respects to that contained in the constitution on the same subject, both' ousting the justice whenever title is controverted, that is, necessarily, and, in fact, controverted. If the Defendant should plead several defences to a cause of action, some of which involved the title to real estate, and some of which did not, then the justice might enter upon the trial, and unless evidence was offered to the issue of title, he might proceed and render judgment; but if the evidence brought the issue of title in dispute, he could go no further, but would certify the case up under *section* 38. The same would also be the result when the question arose upon the evidence, and was not made in the pleadings, if such a state of things could occur. The more difficult question arises when the issue tendered by the answer is one of title alone. Here it would seem to be " involved," within the letter of the Constitution ; but we think the intention was simply that the justice should not, in fact, *try* such issues, and that the Legislature, by providing that the case should be certified to a higher court, only in the event of title coming in question on the evidence, designed to carry out the inten‑

tion of the fundamental law, and only oust the justice from trying and deciding upon such important issue. The defence may be pleaded, and no evidence offered under it; in such case the justice, in deciding upon the case made by the Plain٭ tiff, would, in no sense,‑try the issue of title. The Court was right in its holding upon this point.

The issue made by the answer does involve the title to real estate. The Plaintiff claims the possession on the ground that the time for redemption has expired, and the title become absolute in him. The answer sets up a redemption on the 20th of February, 1863, and within three years from the date of the sale, claiming that the Defendant had that length of time within which to redeem under the act of March 10th, 1860, (*Sess. Laws*, 1860, *p.* 275). Under these pleadings the Jus‑ tice is called upon to decide whether the title became abso‑ lute in the Plaintiff at the expiration of one year from the date of the sale, or whether it is still subject to be defeated by re‑ demption. It is true the action is prosecuted simply to re‑ cover possession, but the justice cannot decide the right of possession to be in the Plaintiff, without confirming his dis‑ puted title, nor can he award the possession to the Defendant without declaring void the sheriff's deed to the Plaintiff, and overthrowing the title he claims under it. If the evidence supported the pleadings on the trial, the justice should have certified the case up as soon as it was presented, but the case does not show what the evidence was. We are furnished with the pleadings, a transcript of the justice's docket, the de‑ cision of the judge upon the *certiorari*, and the judgment of the district court. The transcript of the docket shows that a motion to dismiss was made after the answer was filed, which was urged on the ground that the complaint did not state a cause of action, but we infer from the argument, and the deci‑ sion of the district judge, that it went off on the question of whether the title of land could be "involved" by the plead‑ ings within the meaning of the constitution, and for this rea‑ son we have decided the point. It appears that one witness was sworn and examined, but his evidence is not furnished, and that judgment was rendered for the Plaintiff. In order for us to decide that the justice had not jurisdiction to decide the

case, it must be made affirmatively to appear that title to the land was involved by the evidence.

The justice evidently did decide, and his decision was af- firmed by the district court, that a mortgage executed under the act of July 29, 1858, gave the mortgagor but one year in which to redeem after sale under a power and foreclosure by advertisement. In the case of *Bassett vs. Stone*, 4 *Minn. R.*, 298, and *Heyward vs. Judd, id.*, 483, we held that the act of March 10, 1860, which extended the time of redemption to three years, did not apply to mortgages executed before its passage, which contained powers of sale, and were foreclosed under them. In these decisions our attention was not called in any manner to that clause in the law of 1858, embraced in a parenthesis, which is designed to influence the action of future legislation, but we decided the question simply upon the ground that the act of 1858 gave one year's redemption, and the act of 1860 extended it to three. The point is made in this case that the act of 1858 does more than give one year's redemption. It gives that period, (" or such other time as may be prescribed by law.") The counsel for the Defendant insists that the effect of this clause is, to leave the time for redemption in all mortgages executed under this act, one year, so long as the act remains unchanged, but to subject all such instruments to the control of future legislation in this respect, and that as regards this mortgage, the legislature has prescribed another time by the act of 1860, to wit, three years. In support of this position the counsel cites the case of *Heyward vs. Judd*, and quotes from the opinion of the Court, where in speaking of contracts made under the law of 1858, we say, " the mortgagor has expressly adopted this law by making it a part of his contract." It is a sufficient answer to this quotation as applied here, that the court had not in view when it was made, the peculiar feature of the law that is now under consideration, and further, that although it is true that a party adopts the law that is in force at the time he makes a contract of this character, he only adopts what *is law*, and if the legislature has inserted in its enactment matter which it had no power to pass, contracting parties cannot be said either to have adopted it, or to be in any manner influenced by it.

Goenen v. Schroeder

Let us test the validity of this clause. The legislature cannot impair the obligation of a contract. This is conceded. Nor can this branch of the government, by any possible means, obtain this power. It is equally clear that a party adopts the law in force at the time he makes a contract. Now suppose the legislature passes a law, which declares that all contracts entered into after its passage shall be subject to the power of future legislatures to make such changes in the obligations created by them as it may see fit,—can it be seriously argued that future legislatures, by virtue of this act, can interfere with contracts subsequently executed, on the ground that the contracting parties adopted the provision and contracted in reference to it? If such is the case, constitutional guarantees are shorn of their efficacy, and but delusions, leaving legislative bodies to be the sole judges of the extent of their powers. Such position conflicts with all our ideas of constitutional government. The right to contract is not derived from constitutional or legislative grant, but is inherent in the citizen. The regulation of this right under constitutional limitations, is vested in the legislature. This right to contract necessarily involves the power in the contracting parties to stipulate absolutely and certainly to do, or not to do, any particular act properly the subject of convention. This right cannot be taken away, or even impaired by any power in the government, nor, when once exercised, so as to impose obligations upon the contracting parties, can those obligations be lessened, increased, or in any manner interfered with. The right to contract obligations, and the obligations assumed, are of equal sanctity, and free from legislative control. If the legislature had not assumed the regulation of powers of sale in mortgages, by allowing a term of redemption, all such sales would have been absolute, unless qualified by the terms of the power, it being a subject, in the absence of legislation, entirely within the control of the parties. To the power of the legislature to impose a term of redemption upon this class of contracts, no serious objection can be urged ; but to deny parties the right to assume definite and certain obligations in their commercial dealings, is a legislative encroachment fraught with evils that would strike at the very foundation of

commerce and property. Far better that the legislature should prohibit this species of contract altogether, and leave men to other kinds of security. In this case it has simply declared that the obligation of every mortgage, containing a power of sale, executed after the passage of the act of 1858, shall be variable at the pleasure of the legislature. The practical result of the enactment is, that a mortgage executed while the law remains unchanged, would allow a sale of the land with one year's redemption, and be a valuable security, and the same instrument, with the period of redemption extended to three or six years, would or might be nearly valueless. This is not legitimate legislation. It is an attempt to reserve to the legislature powers which it does not otherwise possess.

It is clear that the legislature of 1860 had no power to change the time of redemption in the mortgage under consideration, without this clause conferred it. The cases we have decided under this law hold this without qualification, and place it upon the ground that it would be impairing the obligation of the contract to do so. It is equally clear to our mind that what the legislature of 1860 was unable to do *proprio vigore*, it could not be enabled to do by any of its predecessors. The clause is inoperative.

The case was correctly decided below, and the judgment is affirmed.