Merriam v. Baker.

JOHN L. MERRIAM, Plaintiff in Error, vs. DANIEL A. J. BAKER, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

If a court where an action is commenced has authority to try and determine actions of that class or character, such action may, within the meaning of the plea of "another action pending," &c., be considered as depending therein, notwithstanding the existence of a question as to whether said court acquired jurisdiction of the parties or the particular case, so long as such question remains undecided, and until such court decides against its jurisdiction in that case. FLANDRAU, J., dissenting.

Points and authorities for Plaintiff in Error.

I. The Defendant's answer of another suit pending was not sustained by the evidence, and the charge of the court to the jury that they should find for the Defendant was therefore erroneous. *Comp Sts., p.* 502, *sec.* 38; 4 *Denio,* 120; 4 *Hill,* 598; 11 *John.,* 175; 14 *Id.,* 432; 2 *Id.,* 192; 4 *Id.,* 117; 8 *Id.,* 391; 13 *Id.,* 469; 3 *Hill,* 499; 2 *Id.,* 658. Vide also, 5 *John.,* 353; 10 *Wend.,* 497; 7 *John.,* 381, 529; 3 *Caine's,* 166; 11 *John.,* 461; *Cow. & Hill's Notes,* 1016 *to* 1020; *Cowen's Tr.,* (*4th ed.,*) *secs.* 656, 661, 663, 664, 1005, 1084 1227.

II. The first point established, the judgment below must of course be reversed; and as the case then stands the Plaintiff in error is entitled to judgment in this court and to his writ of restitution thereon. *Vide Rule No.* 23 *of this Court.*

Points and authorities of Defendant in Error.

I. The defence showed an action pending. *Comp. Sts., p.* 540, *sec.* 65; *Id., p.* 629, *sec.* 34. The authorities of the Plaintiff in error present no such case.

II. *Rule* 23 *of the Supreme Court* has no application, because, in case of reversal the Supreme Court could not enter a definitive judgment, as there are issues to be tried in the pleadings.

G. CLARK and H. R. BIGELOW, Counsel for Plaintiff in Error.

H. J. HORN, with SMITH & GILMAN, Counsel for Defendant in Error.

*By the Court*—EMMETT, C. J.—This action was brought under the provisions of the statute relating to "Forcible Entries and Unlawful Detainers," to recover possession of certain real property. The Plaintiff declared upon a written lease, made between his grantor and the Defendant, alleging non-performance of its stipulations on the part of the Defendant; also the expiration of the term, demand, notice, [etc., and the assignment of the lease and premises to him by the lessor.

The Defendant, after pleading to the merits, tendered also the issue of another action pending between the same parties, for the same cause of action.

The Plaintiff replied specifically to the defence to the merits, and as to the said plea of another action pending, set up facts to show that the court, in which said other action was alleged to be depending, had not such jurisdiction or possession of said action as would authorize it to try and determine the issues joined therein.

The case was disposed of in the District Court upon this last issue alone, and it is to this, therefore, that we will confine our attention.

The facts, so far as they are applicable to the question here involved, are in substance as follows: Sometime prior to the institution of the present action the Plaintiff had commenced an action against the Defendant here before a justice of the peace to recover possession of the same property, in which said action the pleadings of the parties respectively were identical with their several pleadings in the present action, save and except those allegations, denials, etc., which relate to the issue of a former

action pending.   Upon the making up of the issues in the action first commenced, the justice, at the instance of the Defendant, and before any evidence was either received or offered, certified the case up to the District Court, on the ground that title to real estate came in question or was put in issue by the pleadings.

The Plaintiff thereupon, disregarding the action of the justice in certifying the case to the District Court, commenced proceedings anew by the institution of the present action, in which, as before stated, the pleadings of the parties are the same as in the action first commenced, except that the Defendant, in addition to the facts stated in his former answer, pleaded the pendency of said. other suit in abatement of the present action; and the Plaintiff replied, by way of denial, the fact that said case had been certified up to the District Court before any evidence had been offered or received.   The justice, however, before whom this latter action was commenced, gave judgment for the Defendant, and the Plaintiff then appealed to the District Court.   At a succeeding term in which this action was tried, it appearing that both these actions were on the calendar for trial in the District Court, the Plaintiff appeared specially therein, and moved to strike the certified case, or that which was first commenced, off the calendar,. on the ground that the justice had no power to certify under the circumstances attending it.   In this however he failed, but was permitted, on his own motion, to dismiss or discontinue the action itself.   The present case then coming on for trial, the Plaintiff produced his evidence of title and rested.   The Defendant then made various offers of testimony in support of his defence to the merits, etc., each of which offers was rejected, for reasons which it is unnecessary to consider here.   The facts above recited concerning the commencement, certifying and pendency of the said former action were then shown or admitted; and the counsel on both sides having agreed that, under the existing state of the evidence, the court should peremptorily instruct the jury as to the proper verdict to be rendered, the judge thereupon charged the jury, " that the former action was pending at the time this action was commenced.   That it was unnecessary therefore to consider the

Merriam v. Baker.

merits of the case;" and directed them to find a verdict for the Defendant, which they did accordingly.

The ground, as stated by counsel, upon which this decision was made, was that an action should be considered as pending in any court so long as it required any act to be done in order to get rid of it.

We cannot say that this is not the correct doctrine as applied to courts having jurisdiction over the class of actions to which the one depending belongs. The great end to be subserved by the rule which recognizes the plea of another action pending between the same parties, for the same cause of action, as a good defence, is to prevent a party from being harrassed by a multiplicity of suits for the same cause of action, and that he may not be compelled to maintain the issues on his part in any action so long as they are in possession of another tribunal competent to determine such issues, where they may be disposed of. We believe the true test in such cases, (where there is no question as to the identity of the issues involved,) is the existence of such an action in any court or tribunal having jurisdiction of the subject matter of the controversy; and that the plea is maintained if such court or other tribunal have authority to entertain such a cause of action, notwithstanding the presence of a plea to the jurisdiction, because, until such jurisdictional question is determined, *non constat* that the other issues may not be heard and decided. The difficulties attending a contrary holding may readily be made to appear.

Let us suppose, for example, an action on a promissory note of over five hundred dollars to have been commenced in the District Court of the United States for this District, to which action, in addition to a defense to the merits, there is also a plea to the jurisdiction founded on the citizenship or residence of one of the parties; and that before said action is tried, the Plaintiff sues for the same cause of action in the District Court of the State, in which latter action the Defendant simply pleads in abatement the pendency of the action in the United States Court; and the Plaintiff replies a want of jurisdiction in the last named Court. Let us also suppose that the action in the State Court comes on first to

be tried. Now, unless the issue there joined is to be determined by the mere existence of the action in the United States Court, how are the parties or the court to proceed? The Federal Court is the sole judge for the time of its own jurisdiction, and the State Court cannot tell how that question is going to be decided, nor has it authority to correct the decision however erroneous it may be considered. The question may even depend upon an issue of fact upon which a jury has to pass. If the State Court, under such circumstances, should assume to decide whether the Federal Court had jurisdiction, (and it is not obliged to wait,) it might decide one way and the Federal Court another; for the latter would not be likely to pay any attention to the action subsequently commenced in the State Court. In which event the end might be a judgment for the Plaintiff in one court, and for the Defendant in the other.

But this, and other like difficulties are readily avoided by holding, as we have, that, if the court, where the action is first commenced, has authority to try and determine actions of that character or class, it is sufficient, and the action may be then considered as depending therein, notwithstanding the existence of a question as to whether it has acquired jurisdiction of the parties or of the particular case, so long as such question remains undecided, and until the court decides that it has not jurisdiction. No other court, in an action subsequently commenced, should assume to try this question of jurisdiction; and, so long as the court in which the action was first commenced, retains possession of the case, for the purpose of trying and determining the issues joined between the parties, it is depending therein within the meaning of the plea of another action pending.

We find no warrant for the position assumed by the Plaintiff on the argument, that the court, having possession of the former action, must needs have such jurisdiction of the particular case and of the parties as will enable it, in any event, authoritatively to try and determine the issues in that action. There is, however, very little authority to be found on the question. The forms of the plea, as given in the books, contain no allegation as to the.

Merriam v. Baker.

power of the court in which the action pleaded in abatement is alleged to be pending, nor as to its having acquired jurisdiction of the parties or the particular cause; and the only replication to such a plea, for which we have been able to find a form, is that of *nul tiel record*. There is no conclusive argument to be drawn from these old forms, it is true, although they are in perfect harmony with the view we have taken of the question. If, however, jurisdiction in all the particulars above mentioned is essential to the maintenance of this plea, we might reasonably have expected to find, amongst the various books of forms, some allegation to cover evidence so essential, or some allusion to the necessity of such proof, in the standard works on pleadings and evidence. And it would also seem that if the want of this jurisdiction could be replied to such a plea, there ought to be found a form for such replication, but we can find no such form. The plea of another action pending, &c., is sustained as against the replication of *nul tiel record* by the bare record of an action between the same parties, and involving the same issues, although it might also disclose an issue as to the court having acquired jurisdiction of the parties or the cause. On the other hand, the replication of *nul tiel record* would be entirely unnecessary if such other court could not, under any circumstances, entertain an action of that class or character, because a demurrer to the plea would then answer every purpose. We are inclined to the opinion, therefore, that a replication denying the jurisdiction of the court, wherein it is alleged that another action is pending for the same cause of action (which is in substance what was intended by the reply in the present action) is wholly a novelty. It is certainly very unusual, if not entirely without precedent.

The case of *Goenen vs. Schroeder*, 8 *Minn.*, 387, has been referred to, and as the decision in that case seems to be misunderstood, to some extent, a word of explanation here may not be amiss. From the syllabus one would infer that it was decided in that case that a justice of the peace has no power to certify a cause up to the District Court under the provisions of *sec. 38, ch. 59, of the Compiled Statutes*, unless the title to real estate is brought

vol. ix.—7

into question and controverted by the evidence offered on the trial; but it will be found, on careful examination, that no such a state of facts was presented for adjudication in that case. The question there decided was simply this: that a justice was not bound to certify a case to the District Court merely because the answer of the Defendant put the title to real estate in issue; and that he was only required so to certify when the evidence produced on the trial made it appear that the title was really involved in the controversy. And this because title may be one only of several issues; because the plea may be sham or false, and never touched by the evidence on trial; and because, moreover, it should not be in the power of any party to oust a justice of jurisdiction by simply tendering such an issue when the plea may have no foundation in fact or is not intended to be insisted on. The constitutional provision referred to was intended merely to restrain justices of the peace from *trying* titles to real estate; and this they could not really be said to do, notwithstanding an issue of title joined, unless there was some evidence offered concerning it —while the statute seems to have for its object the preventing of parties from taking fraudulent advantage of the constitutional restriction, by raising a question of title when it was not really involved in the controversy. It is a matter of serious doubt, however, as the justice is the sole judge of the question as to the title being involved by the evidence, whether an error of judgment in his determination of that question could be reviewed on appeal or *certiorari*. I have always thought if a justice erroneously determined that the evidence did not raise an issue as to title to real estate, and thereupon proceeded to try the case, that a general appeal would afford all the remedy necessary; or if, on the other hand, he erroneously certified the cause to the District Court, that parties should not be prejudiced by the error, as the cause would then be in a tribunal which could authoritatively determine all questions involved, and which might have taken original jurisdiction of the action.

And again, if we are right in supposing that the great object of the statute (*Comp. Sts., p.* 502, *sec.* 38,) was to render it certain

Merriam v. Baker.

that title to real estate is necessarily and in fact controverted, before the justice is bound to certify the cause to the District Court, it has seemed to me that that degree of certainty may, in some instances, be as readily attained by the pleadings as by the evidence. If, for example, title be the sole question at issue, and the pleadings of the Plaintiff, as well as the Defendant, show that it is necessarily involved in the controversy, I am inclined to the opinion that it would neither be in violation of the statute, nor contrary to the decision in *Goenen vs. Schroeder*, above referred to, for the justice at once to certify the case to the District Court. Why should parties in such a case be put to the trouble and expense of summoning and examining witnesses to demonstrate what is clearly apparent from the pleadings of both parties?

It is unnecessary, however, to decide this question in the present case, although I think that a careful examination of the Plaintiff's reply will show that enough of the allegations of the answer are admitted to show that the question of title therein raised is really involved in the controversy between the parties.

Judgment affirmed.

FLANDRAU, J., filed the following dissenting opinion:

I find myself unable to agree with the majority of the court in sustaining the decision of the court below on the point of a former suit pending. The facts are all stated in the opinion of the court showing how the question was presented, so that it is unnecessary for me to do more than briefly allude to them.

The Defendant pleaded the pendency of a former suit for the same cause of action, between the same parties, which was originally commenced before a justice of the peace, and by him certified to the District Court, upon the title to land coming in question.

To this plea the Plaintiff replied, admitting the commencement of the action before the justice, but denying that said action was tried, in whole or in part, and alleging that when the same was

ready for trial the justice peremptorily refused to hear or try the same, but claimed the right to certify the same to the District Court for trial, and refused further to proceed in said action, whereupon the parties departed from his court.

The question presented by this plea and reply is, whether, when the justice certified the cause to the District Court before any evidence was taken in support of the issue of title to land, the same became discontinued and terminated, or whether it was still pending, so as to form the foundation for the Defendant's plea in abatement. The court instructed the jury that the former suit was pending at the time this was commenced, and that they must find for the Defendant.

By our Statutes (*Comp. Sts.*, *p.* 502, *sec.* 38,) it is provided, that "if it appear on the trial of any cause before a justice of the peace, from the evidence of either party, that the title to lands is in question, which title shall be disputed by the other party, the justice shall immediately make an entry thereof in his docket, and cease all further proceedings in the cause, and shall certify," &c.

In the case of *Goenen v. Schroeder*, 8 *Minn.* 387, we held that a justice had no right to certify a case up until the evidence was introduced, and the question of title disputed thereby; that a mere issue of title made up by the pleadings, would not deprive him of jurisdiction of the cause.

In this case, whether the question of title was or was not raised by the pleadings, would therefore be immaterial, because, in neither case would the justice be authorized to certify it out of his court until the pleadings were made good by evidence offered in support of the issue of title. The counsel for the Plaintiff in error insists that the effect of thus prematurely certifying the case up was an entire discontinuance of the action, and that it ceased to be pending, and that the District Court obtained no jurisdiction of it for any purpose, except to dismiss it.

My idea of a plea of a former suit pending between the same parties, for the same cause of action, being a good defence, has always been founded upon the fact that the same issues made up

in the second action are already in the possession of some court competent to try and determine them. A Defendant cannot be compelled to come into court and litigate the same matters twice, nor when they are once in process of examination and decision can he be compelled to re-enter upon another investigation of them in the same or another court. Another action may therefore be considered pending whenever it is in the possession of a court that can try and decide it.

The counsel for the Plaintiff in error cites a number of cases under his first point to show that this cause was out of court for all purposes of trying the merits at the time it was certified up by the justice. I have examined them all, and select two as, in my opinion, decisive of the point. None of them are precisely analogous, but in principle I think they are similar. In *Kimball vs. Mack*, 10 *Wend.*, 497, it was held that an adjournment of a cause in a justice's court irregularly, put it out of court. In *Malone vs. Clark*, 2 *Hill*, 657, it was held that if a justice try a cause over which he has not jurisdiction, and an appeal is taken from his judgment, the appellate court should not render any judgment in the case, but should refuse to entertain it, and dismiss it from its consideration.

This was the course pursued by the District Court in this case. It was dismissed on motion of the Defendant. Now, why was it dismissed? Simply because the court decided that it was not properly there for an examination and determination of the merits, or, in other words, it had not received any jurisdiction of it by reason of the justice's certificate.

The counsel for the Defendant in error asks the question, "If it was not in the District Court where was it?" In my opinion it had become discontinued and out of any court, and consequently not pending so as to constitute a good plea in abatement of the second suit. The mere fact that the papers were sent up and filed in the District Court, and that court could take action to the extent of dismissing it, does not in my opinion bring it within the the test of an action pending. Could the court go on against the will of the Defendant and render a judgment that would be

enforced? If not, no action was pending in the sense of the plea.

I think, therefore, that the court erred in its instructions to the jury on this point, and that the judgment should have been for the Plaintiff on the merits, they being clearly in his favor, under the 23d *Rule of this court.*