(January 31, 1896.)

## WILDER v. CAMPBELL, SHERIFF.

[43 Pac. 677.]

MORTGAGE FORECLOSURE—TIME ALLOWED FOR REDEMPTION—ACT EXTENDING TIME DOES NOT AFFECT MORTGAGES EXECUTED AND RECORDED PRIOR TO PASSAGE OF ACT.—Mortgage was foreclosed, decree of sale awarded, and land sold by virtue thereof; certificate of sale issued to purchaser; purchaser, on expiration of time allowed for redemption, demands a deed. Sheriff refuses to execute deed on the ground that the legislature has extended the time for redemption. Held, that the act of the legislature extending time of redemption does not affect sales under foreclosure of mortgages, where the same were executed and recorded prior to the passage of the act.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

S. S. Denning, for Appellant.

The only question arising in this case addressed to the sound discretion of the court is, Was the sheriff in error in refusing to execute a deed to the premises at the end of six months, the period allowed for redemption under the old laws of Idaho, or was he justified in refusing to execute a deed until the expiration of twelve months after the sale of said premises? This brings us to a consideration of the Session Laws of Idaho of 1895 at page 34. Section 4494 of the Revised Statutes of Idaho formerly provided for a redemption period of six months. Under the Session Laws of 1895, the legislature enlarged this period to one year. Under this new law defendant maintains that plaintiff was not entitled to a deed until the expiration of one year. Do the Session Laws of Idaho of 1895 impair the

obligation of a contract, or do they simply postpone the remedy? Appellant contends that they simply postpone the remedy of the mortgagee after a sale. They in no wise impair the value of the contract nor the obligation thereof. (*Bronson v. Kinzie,* 1 How. 311; *McCracken v. Hayward,* 2 How. 611 *Lessee v. Ewing,* 3 How. 716; *Howard v. Bugbee,* 24 How. 461; *Edwards v. Kearzey,* 96 U. S. 595; *Watkins v. Glenn,* 55 Kan. 417, 40 Pac. 316.)

Forney, Smith & Moore and A. E. Gallagher, for Respondent.

The one question involved in this appeal is whether or not the act of the Idaho legislature, pages 34 and 35, Laws of 1895, is constitutional and extends the time of redemption from a sale on a decree obtained after this law took effect, but which forecloses a mortgage executed prior to the passage of that act. Section 16, article 1, Idaho constitution, provides: "No law impairing the obligation of contracts shall ever be passed." Section 10, article 1, United States constitution, provides that "no state shall pass any laws impairing the obligation of contracts." The appellant contends that the act of 1895 only refers to and regulates the remedy, a thing the legislature may do, and consequently the act does not come within the inhibition of either the state or United States constitutions. In this we think the appellant is wrong for the following reasons: By the obligation of a contract is meant the means which at the time of its creation the law affords for its enforcement. (*Louisiana v. Police Jury,* 111 U. S. 716, 4 Sup. Ct. Rep. 648.) To argue otherwise is to say that the right to possession, power to convey, and certainty of absolute ownership of real estate for six months is of no value. We think it needs no argument to convince this court that the right to possession and the rights incident to ownership of property for any period of time is a valuable right, and that any law subsequent which suspends those rights is a violation of the contract which created them, and is unconstitutional and void. (*Bronson v. Kinzie,* 1 How. (U. S.) 311; *Phinney v. Phinney,* 81 Me. 450, 10 Am. St. Rep. 266, 17 Atl. 405; *Watkins v. Glenn,* 55 Kan. 417, 40 Pac. 316; *International B. & L. Assn. v. Hardy,* 80 Tex. 610, 40 Am. St.

Rep. 870, 26 S. W. 497; *Hillebert v. Porter,* 28 Minn. 496, 11
N. W. 84; *Highland Port v. Detroit etc. Ry.,* 95 Mich. 489,
55 N. W. 382; *McGee v. San Jose,* 68 Cal. 91, 8 Pac. 641;
*Allen v. Allen* (Cal.), 27 Pac. 30; S. C., 95 Cal. 184, 30 Pac.
213-215; *Collins v. Scott,* 100 Cal. 446, 34 Pac. 1085-1087;
*Goodale v. Fennell,* 27 Ohio St. 426-431, 44 Am. Dec. 45;
*Maloney v. Fortune,* 14 Iowa, 417; *Coddington v. Bispham,* 36
N. J. Eq. 574; *Mundy v. Monroe,* 1 Mich. 68; *Dikeman v.
Dikeman,* 11 Paige, 481-491; *Gage v. Stewart,* 127 Ill. 207, 11
Am. St. Rep. 116, 19 N. E. 702-704; 3 Am. & Eng. Ency. of
Law, 751, note 2; *Robinson v. Howe,* 13 Wis. 341; Cooley's
Constitutional Limitations, 1st ed., 346; *Edwards v. Kearzey,*
96 U. S. 595-607; *Seibert v. United States,* 122 U. S. 284, 7
Sup. Ct. Rep. 1190; *Best v. Baumgardner,* 1 L. R. A. 356,
note 1.)

On the twenty-third day of April, 1893, Oscar Schuman and
wife executed a note and mortgage to the Vermont Loan &
Trust Company for the sum of $2,800. The note was due May
1, 1893. It provided for the payment of interest annually, at
the rate of seven per cent per annum, on November 1st of each
year. Default was made in the payment of interest which was
due November 1, 1894. The mortgage was foreclosed, a decree
of sale awarded, and the land was sold, by virtue of the decree,
on the twenty-eighth day of March, 1895, pursuant to notice
theretofore given according to law. The Vermont Loan &
Trust Company, the mortgagees, became the purchasers. A
certificate of purchase was thereupon issued to the said pur-
chasers. The certificate was afterward sold and transferred
to the plaintiff herein. On September 30, 1895, the plaintiff
returns said certificate of purchase to the sheriff, tendering said
sheriff his fee of three dollars for making a deed, and de-
manded a deed. The sheriff refused to make the deed, because
one year had not elapsed since the sale. Said Schuman and
wife refused to surrender said premises to this plaintiff. It
also appears that they are insolvent. The plaintiff demanded
judgment against the sheriff for $150 damages and costs of
suit. The defendant demurred to this complaint, and gave,
as a reason therefor, that it does not state facts sufficient to

constitute a cause of action. The demurrer was overruled by the court. The defendant refused to plead further, and judgment was rendered against the defendant for $150 and costs of suit. The defendant appeals from this judgment to this court. Affirmed.

MORGAN, C. J. (After Stating the Facts.)—The only question presented to this court is, Is the assignee or purchaser entitled to his deed at the end of six months from the date of sale, or must the mortgagor be allowed one year in which to redeem, under the amendment to section 4492 of the Session Laws of 1895, page 34, approved March 5, 1895. By this amendment to section 4492 the judgment debtor or redemptioner is given one year from the date of sale within which to redeem real estate sold under execution or decree of foreclosure. Under the law as it existed prior to this amendment, section 4492 gave the judgment debtor only six months within which to redeem such property. It is claimed by the respondent that the law referred to above does not apply to mortgages entered into before its passage, and that in this case the mortgagor has but six months in which to redeem from a sale under a decree, and that therefore he was entitled to his deed at the time the demand was made, to wit, on the thirtieth day of September, 1895. This amendment to the section not only affected the remedy given to the mortgagee, inasmuch as it prevents him from getting the ownership and possession of the mortgaged property as soon as he otherwise would by the law which was in force at the time the contract was made; it also gives the mortgagor an equitable estate in the land which, before the passage of this act, he did not have. In *Bronson v. Kinzie,* 1 How. 320, the supreme court of the United States, in a similar case, in speaking of the laws of Illinois passed after the mortgage in that case was given, says: "As concerns the law of February 19, 1841, it appears to the court not to act merely on the remedy, but directly upon the contract itself, and to ingraft upon it new conditions injurious and unjust to the mortgagee."

It declares that, although the mortgaged premises should be sold under the decree of the court of chancery, yet that the

equitable estate of the mortgagor shall not be extinguished, but shall continue for twelve months after the sale. If such rights may be added to the ordinary contract by subsequent legislation, it would be difficult to say at what point they must stop. The equitable interest in the premises may in like manner be conferred upon others, and the right to redeem may be so prolonged as to deprive the mortgagee of the benefit of his security, by rendering the property unsalable for anything like its value. This law gives to the mortgagor an equitable estate in the premises, which he would not have been entitled to under the original contract, and these new interests are directly and materially in conflict with those which the mortgagee acquired when the mortgage was made. Such modification of a contract by a subsequent legislature, without the consent of one of the parties, unquestionably impairs its obligations, and is prohibited by the constitution. In the case of *Louisiana v. New Orleans,* 102 U. S. 206, Mr. Justice Field, in delivering the opinion of the court, says: "The obligation of a contract, in the constitutional sense, is the means provided by law by which it can be enforced—by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation. If it tends to postpone or retard the enforcement of a contract, the obligation of the latter is to that extent weakened. Any authorization of the postponement of payment, or of means by which such postponement may be effected, is in conflict with the constitutional inhibition." In *Green v. Biddle,* 8 Wheat. 84, the supreme court of the United States says: "The objection to a law on the ground of its impairing the obligation of a contract can never depend upon the extent of the change which the law effects in it. Any deviation from its terms, by postponing or accelerating the period of performance which it prescribes, imposing conditions not expressed in the contract, or dispensing with the performance of those which are, however minute or apparently immaterial in their effect upon the contract of the parties, impairs its obligation. Upon this principle it is that if the creditor agrees with his debtor to postpone the day of payment, or in any other way to change the terms of the contract without the consent of the surety,

the latter is discharged, although the change was for his advantage." (See, also, *Watkins v. Glenn,* 55 Kan. 417, 40 Pac. 316; *Seibert v. Lewis,* 122 U. S. 284, 7 Sup. Ct. Rep. 1190.) Sutherland on Statutory Construction, at page 625, has the following language: "A law which takes from a mortgagee the right of possession until after foreclosure, a law postponing the right to sue on the note or bond until after foreclosure, extending redemption or shortening redemption, impairs the obligation of the contract, and is within the prohibition of the constitution." The case of *Cargill v. Power,* 1 Mich. 369, is a case in point. The facts are as follows: A mortgage containing a power of sale was given in January, 1847, and the mortgaged premises were advertised and sold under the power in July, 1848. Between the giving of the mortgage and the sale, the law regulating the time of redemption by the mortgagor was changed from two years to one year. It was held that the law in existence at the time the mortgage was executed and delivered was a part of a contract, that the mortgagor had two years from the sale to redeem it, and that the law in force at the time the sale took place, restricting the redemption to one year, was unconstitutional so far as it respected mortgages in existence at the time the law took effect. In *Edwards v. Kearzey,* 96 U. S. 595, the court holds: A remedy subsisting in a state when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of a state which so affects that remedy as to substantially impair and lessen the value of a contract is forbidden by the constitution of the United States, and is therefore void. Further on, the court says, in illustration of the principle. "That it is the established law of North Carolina that stay laws are void, because they are in conflict with the national constitution. This ruling is clearly correct. Such laws change the terms of a contract. It impairs its obligations by making it less valuable to the creditor, and it does this solely by operating on the remedy. The contract is not otherwise touched by the offending law. . . . . Let us suppose a case. A party recovers two judgments—one against A, and the other against B,—each for the sum of $1,500, upon a prom-

issory note. Each debtor has property worth the amount of the judgment, and no more. The legislature thereafter passes a law declaring that all past and future judgments shall be collected in four equal annual installments. At the same time, another law is passed which exempts from execution the debtor's property to the amount of $1,500. The court holds the former law void, and the latter valid. Is not such a result a legal solecism? Can the two judgments be reconciled—one postponing the remedy, and the other destroying it? If it may exempt property to the amount here in question, it may do so to any amount. It is as regards the mode of impairment we are considering. It would annul the inhibition of the constitution, and set at naught the restrictions it was intended to impose." In *Goenen v. Schroeder,* 8 Minn. 387 (Gil. 344), the following are the facts: A mortgage was executed on the premises in question by the defendant and wife, on the third day of August, 1853, which was to pay a certain sum of money in eight months from this date. Default was made on the twenty-sixth day of October, 1861. The land was sold by virtue of the power contained in the mortgage, and purchased by the plaintiff for the sum of $280.59. The proper certificates were executed by the sheriff, and, the premises not being redeemed by the first day of November, 1862, the sheriff on that day executed and delivered to the plaintiff, as purchaser, a deed to the same. On the seventh day of April, 1863, the plaintiff demanded possession of the premises of the defendant, who refused to deliver them up. This action was brought to recover the premises. The law in force at the time the mortgage was given gave the mortgagor but one year in which to redeem after sale under power and foreclosure by judgment. The court held that the act of March 10, 1860, passed after the making of the mortgage and before the sale of the land by virtue of the mortgage, which extended the time of redemption to three years, did not apply to mortgages executed before its passage, which contained powers of sale and were foreclosed under them; and says, further, that: "It is clear that the legislature of 1860 had no power to change the time of redemption in the mortgage under consideration.

. . . . The cases we have decided under this law hold this, without qualification, and place it upon the ground that it will be impairing the obligation of a contract to so do." These cases, and many others quoted in the decisions above referred to, make it clear that both the supreme court of the United States and many of the courts of last resort in the several states hold that the passage of a law extending the time of redemption, enacted between the time of the making of the contract embodied in the mortgage and the time of sale under the decree of foreclosure, cannot affect such mortgage. To hold otherwise would be to hold that a law might be passed impairing the obligation of contracts, which is positively forbidden both by the constitution of the United States and the constitution of our own state. The reasons given in these various decisions are abundant and convincing. It is scarcely necessary to rehearse them in the present case. We must hold, therefore, in the case at bar, that the amendment to section 4492 by the act of the legislature of March 5, 1895 (Sess. Laws 1895, p. 34), does not affect sales under foreclosure of mortgages where the mortgages was executed and recorded prior to the passage of the act. The judgment of the district court is affirmed, with costs to the respondent.

Sullivan and Huston, JJ., concur.