**ALLIANCE TRUST CO., Limited, v. HALL et al.**

No. 1822.

District Court, D. Idaho, S. D.

Dec. 7, 1933.

P. B. Carter, of Boise, Idaho, for plaintiff.

James R. Bothwell and Harry Povey, both of Twin Falls, Idaho, for defendants.

CAVANAH, District Judge.

This action is brought to foreclose a real estate mortgage given to secure the payment of certain promissory notes aggregating $12,-000 and interest which became due and owing to the plaintiff prior to the time that the Legislature of the State of Idaho enacted chapter 124 of the 1933 Session Laws, which provides: "That the Governor of the State of Idaho be and he hereby is authorized and empowered, whenever, in his opinion, extraordinary conditions exist justifying such action, to declare legal holidays in addition to those now authorized by law, and to limit such holidays to certain classes of business and activities to be designated by him, but no such holidays shall extend for a longer period than sixty days, provided, however, that it may be renewed for one or more periods not exceeding sixty days each, as the Governor may deem necessary" (section 1), and prior to the issuance of the proclamations of the Governor of Idaho suspending all real estate mortgage foreclosure proceedings within the state.

The defendant Henry M. Hall answers the bill of complaint and alleges as a counterclaim thereto that on or about April 1, 1925, the plaintiff became indebted to him for professional services rendered as an attorney at law and costs advanced on behalf of the plaintiff in an action then pending in the district court of Jerome county, Idaho, entitled Second Alliance Trust Company v. Frank C. Pierce et al., in the sum of $200 attorney fee for such services rendered and $29.45 costs advanced. Further answering the bill of complaint, the defendant Henry M. Hall alleges as a plea in abatement and for suspension of this action that by reason of the enactment of the state statute and the proclamations of the Governor this action should be stayed and suspended.

The plaintiff moves to strike the defenses of counterclaim and plea in abatement from the defendant's answer upon the ground, (a) The alleged counterclaim is based on an attorney fee and costs incurred in a suit brought by the Second Alliance Trust Company, a different corporate entity from the plaintiff, and that the liability, if any, in the counterclaim is against the Second Alliance Trust Company and not against the plaintiff, the Alliance Trust Company. It seems clear from the answer and the bill of complaint that the counterclaim is one asserted against a different corporation than the plaintiff, and therefore the motion to strike the same from the answer should be sustained.

The motion to strike the plea in abatement relating to the suspension of this action presents the question as to whether the Legislature of the state has power under the federal and state Constitutions to stay and

suspend proceedings in the foreclosure of real estate mortgages executed before suspension is enacted, and thereby deny one who has an indebtedness that is due the right to proceed in court to collect the same by authorizing the governor, whenever in his opinion conditions exist, to suspend such proceedings.

■ The thought is asserted that such power is the exception permitted under the police power of the state, although it does impair the obligations of contracts. When we come to consider this serious question, we will recall that it has been fundamental since the adoption of the federal and state Constitutions, and no principle of our constitutional law is more firmly established than that the extent of the limit of the police power is to those things essential to the public health, safety, and morals and those promoting public conveniences and general prosperity which do not come in conflict with the limitations of the Constitution. It cannot transgress or supersede the mandates of the Constitution, and when it encounters the prohibitions of the Constitution it must stop. Eubank v. City of Richmond, 226 U. S. 137, 33 S. Ct. 76, 57 L. Ed. 156, 42 L. R. A. (N. S.) 1123, Ann. Cas. 1914B, 192; Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793; Howard v. Bugbee, 24 How. (65 U. S.) 461, 16 L. Ed. 753.

■■ Before the state is justified in interposing its authority in behalf of the public, the interest of the public generally, as distinguished from those of a particular class, must appear. Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 38 L. Ed. 385. Both the federal and state Constitutions expressly prohibit impairing the obligation of contracts, as article 1, § 10, of the federal Constitution says: "No State shall * * * pass any * * * Law impairing the Obligation of Contracts." While the state Constitution provides that "no * * * law impairing the obligation of contracts, shall ever be passed." Article 1, § 16. These provisions of the Constitutions appear clear as obstacles standing in the way of the defendant's defense, for the Legislature of the state is prohibited from enacting any law that will impair the obligation of a contract or attempt to delegate such authority to the Governor of the state. The Governor of the state, after his first proclamation, has in his proclamations following attempted to give to the district courts of the state authority to suspend foreclosure of real estate mortgage under certain conditions. Such authority cannot be conferred upon the courts by the Governor, for the provisions of the note and mortgage executed and accepted by the parties is the contract that governs the determination of the rights of the parties. And any attempt by the Legislature or Governor to deny one to a contract the right to proceed in the manner provided by the law in force at the time the contract was executed to assert a contract right offends constitutional guaranties and is not a valid exercise of the police powers, nor does it serve the public safety, health, and morals and welfare. It is hard to understand how the public welfare generally can be promoted by denying the constitutional right of one to insist upon his rights being carried out according to the terms of their contract. We should test the act of the Legislature and the proclamations of the Governor in the light that the Constitution guarantees the right to enter into private contracts which do not affect the safety, health, and morals and conveniences of the public generally, and not with the idea that the Legislature may thereafter change the terms of the contract under the subterfuge that by denying the right to proceed under the contract comes under the police power of the state. If the latter reasoning is accepted, then there is no such thing as the rights of private contract under the Constitution.

A similar question to the one we have here was disposed of by the Supreme Court of Idaho in the case of Wilder v. Campbell, 4 Idaho, 695, 43 P. 677, where a mortgage was executed prior to the passage of an act of the Legislature extending the time for redemption from six months to one year and the sheriff after foreclosure sale refused to execute a deed at the expiration of six months on the ground that the Legislature had extended the time to one year. The Supreme Court of the state held that the action of the Legislature extending the time of redemption did not affect sales under foreclosure of mortgages where they were executed prior to the passage of the act and that such extension of time impaired the obligations of the contract. Compare State ex rel. Cleveringa v. Klein (N. D.) 249 N. W. 118, 86 A. L. R. 1523; Life Insurance Company of Virginia v. Sanders (Tex. Civ. App.) 62 S.W.(2d) 348.

The remedy given by the laws of Idaho at the time of the execution of the mortgage we are considering was the right to foreclose the same when it became due which became a part of the contract, and a subsequent attempt to change it by staying and suspending proceedings of foreclosure is nothing more than an impairment of the contract which is forbidden by the Constitution of the United

States, for the value of the remedy is lessened and a substantial remedy does not remain where the right to foreclose is suspended for such time as either the Governor or court may conclude. Edwards v. Kearzey, supra; Conley v. Barton, 260 U. S. 677, 43 S. Ct. 238, 67 L. Ed. 456.

With respect to the motion to dismiss of the defendant Raymond R. Hall which is directed to the sufficiency of the facts alleged in the bill of complaint, it appears that the facts so alleged are sufficient to state a cause of action, and therefore it will be denied, and the motion of the plaintiff to strike the counterclaim and plea in abatement is sustained.