DANIEL D. MERRILL *vs*. SAMUEL DEARING.

December 2, 1884.

**Tax Sale—Redemption, by what Law Governed.**—The right of redemption from a tax sale must be governed by the law in force at the date of the sale: it can be neither shortened nor extended by subsequent legislation.

**Same—Expiration of Period for Redemption—Notice by Certificate-Holder.**—Under Laws 1877, *c.* 6, § 37, the "redemption period" does not expire, notwithstanding the lapse of three years from the date of sale, until after the service of notice of the amount for which the land was sold, the amount required to redeem, and the time when the redemption period will expire.

Appeal by defendant from a judgment of the district court for Ramsey county, *Brill*, J., presiding.

*C. K. Davis* and *Willis & Willard*, for appellant.

*A. R. Capehart* and *Williams & Goodenow*, for respondent.

MITCHELL, J. This is an ordinary action in ejectment, and was brought in 1875. The important issue in the case was raised by the supplemental answer of defendant, interposed in November, 1882, in which he sets up title in himself acquired under a tax sale made September 19, 1877, pursuant to a tax judgment rendered September 1, 1877. The court below found adversely to defendant on two grounds: *First*, because, even if the judgment and sale were valid, plaintiff's right of redemption had not expired, because no notice had ever been given of the time of the expiration of the redemption period, etc., as required by Laws 1877, *c.* 6, § 37; (Gen. St. 1878, *c.* 11, § 121;) and, *second*, because the judgment itself was void, the notice on which it was rendered requiring parties to answer 10 days after the last publication, instead of 20, as provided by law.

1. We shall not here consider whether section 37, chapter 6, Laws 1877, was repealed by implication by the tax law of 1878, or not until 1881, by section 22, chapter 10, of the laws of that year. The question is immaterial for the purposes of this case. The right of property acquired by the purchaser at this sale, and the right of redemption remaining to the owner, must both be governed by the law in force at the time of sale. Neither, in our judgment, could be either abridged or enlarged by subsequent legislation. This is unquestionably so as to the right of the purchaser. The same rule ought to apply in favor of the owner as against any statute shortening the time to redeem, as it is equally unjust to legislate against the owner of the land as in his favor. *State* v. *McDonald,* 26 Minn. 145; *Hillibert* v. *Porter,* 28 Minn. 496; *Fleming* v. *Roverud,* 30 Minn. 273; *State* v. *Foley,* Id., 350; Cooley on Taxation, 370.

2. Prior to 1877 no notice was required to be given to the owner. The right of redemption expired absolutely three years after the date of sale. This feature of requiring such a notice was first introduced by section 37, chapter 6, Laws 1877. This statute is highly remedial, and, like all such acts, especially those regulating the right of redemption, is to be regarded favorably, and construed liberally and beneficially. The object of this law evidently was that, as the property

owner might never have known that his property was sold for taxes, or might have forgotten the fact or the date, he should have timely notice of the necessity of redeeming before the right of redemption should expire. While it is probably true that the appropriate changes were not made in the phraseology of the existing law to make it match harmoniously with the provisions of the new, yet the manifest purpose of this act of 1877 was to make the lapse of the right of redemption to depend on the service of this notice upon the owner; that the owner's right to redeem should not expire, but should continue irrespective of the lapse of time until such notice was given, and for a specified time thereafter. This is almost conclusively shown by the latter part of the section, wherein, after providing for the presentation of the certificate to the auditor, and the service of the notice on the owner after the expiration of the three years, in cases where the holder had failed to do so before, it is added: "*And the time for the redemption of such lands shall expire sixty days after the service of such notice.*"

Taking the whole section together, and in connection with other and preceding sections bearing upon the right of redemption, the substance of it all is, in effect, that the owner's right to redeem shall continue until, and for a specified number of days after, this notice is served upon him, provided that this redemption period shall not. in all be less than three years from the date of sale. By no other construction can effect be given to all the provisions of the statute, and the manifest legislative intent carried out. Of course, under this view of the law, there is no room for the claim of defendant that the statute is merely directory, and that, notwithstanding the omission to give this notice, the right to redeem expired three years after the date of sale. The plaintiff's right of redemption not having lapsed, it follows that defendant had acquired no title under the sale, and that judgment was properly ordered for plaintiff. This renders it unnecessary to consider the questions involved in the second ground upon which the court below based his decision.

Judgment affirmed.