ANDREW NELSON *vs.* CENTRAL LAND COMPANY.

July 12, 1886.

**Foreclosure by Advertisement—Certificate of Sale.**—In order to make a sheriff's certificate of sale upon a mortgage foreclosure evidence of the regularity of the proceedings, under Laws 1883, *c.* 112, such certificate must, in matters of substance, conform to the requirements of the statute.

**Same—Secondary Evidence.**—Upon the facts disclosed by the record, *held,* that no proper foundation was laid for the introduction of parol evidence of the contents of a written instrument.

**Tax Sale—Redemption—Notice—State Assignment Certificate.**—The term "tax certificate," as used in Laws 1877, *c.* 6, § 37, which requires notice of the expiration of the time of redemption to be served, etc., is equally applicable to the certificate of sale prescribed by section 84, and the certificate of assignment provided for in section 89, of chapter 11, Gen. St. 1878. The object of this provision in the act of 1877 was to make the lapse of the right of redemption depend upon the service of the notice, and to extend the time for the exercise of such right until the service of notice thereof, and a specified time thereafter. Following *Merrill* v. *Dearing,* 32 Minn. 479, (21 N. W. Rep. 721.)

**Same—Redemption—Notice—Burden of Proof.**—The burden rests upon a party asserting title in fee by virtue of such tax certificate to prove that such notice has been duly served.

**Appeal—Review of Findings of Court.**—The point that the decision of the trial court is not supported by its findings may be raised for the first time in this court.

Plaintiff brought this action in the district court for Douglas county, to determine defendant's claim of title to certain land. The action was tried before *Baxter,* J., without a jury, and, upon the facts as found by the court, judgment was directed for defendant. The plain-

tiff claims title under the foreclosure by advertisement, in 1871, of a mortgage made by one Alpheus Chance, the then owner, to the plaintiff. When the plaintiff rested, the defendant called upon him to produce a certificate of sale, dated April 3, 1869, alleged to have been made on a prior foreclosure sale under the power of sale in the same mortgage. The plaintiff stated that he never had such a certificate, and that no such certificate existed. The defendant, having proved by the register of deeds that his office contained no record of such a certificate of sale, and that there was no evidence in his office of any sale on foreclosure of this mortgage in 1869, called one Thomas, who testified, against plaintiff's objection and exception, that in February, 1870, he saw in the possession of one Mower a certificate of sale of the land in question, based upon the power of sale contained in the mortgage to plaintiff, signed by George Harper, sheriff, and dated about April 9, 1869; that Mower was plaintiff's attorney to foreclose the mortgage; that the land in question was described as sold for $282; that he read the certificate, and that it was acknowledged and had two witnesses. The defendant then offered in evidence the record, from the registry of deeds, of a certificate, dated March 1, 1870, made by George Harper, as sheriff of Douglas county, and certifying to the redemption on that day, by Alpheus Chance, of the land in question from a sale made on April 3, 1869, by Harper, as sheriff, under the power of sale contained in the mortgage from Chance to plaintiff. The defendant then called upon the plaintiff to produce the affidavit of publication of the notice of the sale on April 3, 1869. The plaintiff stated that he never had such an affidavit. The defendant then put in evidence, against plaintiff's objection and exception, copies of the Alexandria Post of February 17, March 10, March 17, March 24, and March 31, 1869, each of which contained a notice, dated February 15, 1869, and signed by the plaintiff, as mortgagee, and by John S. Mower, as attorney for mortgagee, for the sale of the land in question on April 3, 1869, under the power of sale contained in the mortgage from Chance to plaintiff. This notice was in proper form. To prove its own title, defendant then offered in evidence a state assignment certificate, dated September 19, 1882, of the rights acquired by the state at the sale pursuant to the tax judgment entered

in August, 1881, to enforce payment of taxes delinquent for 1880. The foregoing is all the evidence offered by defendant. Plaintiff appeals from the judgment.

*Chas. C. Willson,* for appellant.

*A. C. Brown,* for respondent.

VANDERBURGH, J. The plaintiff claims title under the foreclosure of a mortgage upon the lands in controversy. The defence is (*a*) satisfaction of the mortgage through a redemption under an alleged prior foreclosure, and (*b*) title in fee acquired by the defendant under a tax sale.

1. The records disclose no evidence of such prior foreclosure, except the reference thereto in a redemption certificate appearing of record; but the defendant, in order to prove such foreclosure, introduced parol evidence of the contents of an alleged lost sheriff's certificate of sale, and insists that the prior legal foreclosure of the mortgage was presumptively established by such evidence, under Laws 1883, *c.* 112, which provides that the sheriff's certificate of sale, under a power contained in a mortgage, shall be *prima facie* evidence that all the requirements of law in that behalf have been duly complied with. Such secondary evidence was, however, we think improperly admitted, against the objection of the plaintiff, because no proper foundation was laid for it. That is to say, due diligence was not exercised to secure the production of the original. It was traced to the possession of one Mower, the alleged agent and attorney of plaintiff, but no further. No further search was made, and no effort was made to procure his attendance, nor was it shown that it could not be found. We do not understand that plaintiff admitted its loss, but that he denied the fact of there ever having been any. Further, we think the evidence offered failed to show that the alleged certificate contained a description of the mortgage, or the date of the sale, or the time for redemption. In order to be *prima facie* evidence of a regular foreclosure, this certificate must be shown to be such as the statute requires in all matters of substance. *Farnham* v. *Jones,* 32 Minn. 7, (19 N. W. Rep. 83.) There must, therefore, be a new trial, unless the defendant has established a paramount title under the tax sale.

2. The land was bid in for the state at the tax sale, September 19, 1881. A certificate of assignment to the defendant was executed by the county auditor on September 19, 1882, pursuant to Gen. St. 1878, *c.* 11, § 89, and, after the expiration of two years from the date of the sale, it was recorded. The defendant now relies on this certificate as evidence of title in fee, and insists—*First,* that Laws 1877, *c.* 6, § 37, requiring the service of notice of the time when redemption will expire, is inapplicable to certificates of assignment; and, *second,* that such certificate is in itself *prima facie* evidence of title at the end of two years from the date of sale, being in general the statutory period for redemption, and that the burden rests upon the land-owner to rebut this presumption by alleging and proving want of notice.

The statute provides that every person holding a tax certificate shall, at least 90 days before the expiration of the time of redemption, present such certificate to the county auditor, and it is thereupon made the duty of the latter to cause notice to be served upon the person in whose name the land is assessed, etc. The term "tax certificate" is equally applicable to the certificate of sale prescribed by section 84, and the certificate of assignment provided for in section 89. In each case the auditor, in his official capacity, conveys the land "subject to the right of redemption, as provided by law," and both are equally within the reason of the statute.

It is suggested, in view of the provision requiring the presentation of the certificate 90 days before the expiration of the time of redemption, that the statute in question was not intended to apply to assignments, because they may be made later, and at any time within the general statutory limit; but this objection is met by the provision that in case of failure to present the certificate within that time, it may be done at any time later. The statute is to be construed liberally and beneficially, its object being to give the land-owner 60 days' time to redeem after the service of the required notice. *Merrill* v. *Dearing,* 32 Minn. 479, (21 N. W. Rep. 721;) *Gaston* v. *Merriam,* 33 Minn. 271, 281, (22 N. W. Rep. 614.) The provisions of the act of 1877 were thus ingrafted upon the existing statute in relation to the time of redemption in such cases, and its object was, as held in *Merrill* v. *Dearing,* to make the lapse of the right of redemption de-

pend upon the service of the notice, and to extend the time for the exercise of such right until the service of such notice, and a specified time thereafter. Hence the burden rests upon a party asserting title in fee by virtue of such tax certificate, which is only evidence of title after the expiration of the time of redemption, to prove that notice has been duly served. The sheriff's return, and the records in the auditor's office, it is presumed, will furnish such evidence, where notice has in fact been given.

Whether the record supports the findings and decision of the trial court may be considered in this court. *Jordan* v. *Humphrey*, 31 Minn. 495, (18 N. W. Rep. 450.)

Judgment reversed, and new trial ordered.