STATE OF MINNESOTA *ex rel.* Western Land Association *vs.* JAMES A. SMITH.

February 28, 1887.

**Tax Sale—Redemption—Unforfeited Lands bid in by State.** — Laws 1877, *c.* 6, § 25, extending the time of redemption from tax sales to three years, *held* applicable to unforfeited lands bid in by the state and not yet assigned.

**Same — Notice of Expiration of Time for Redemption, when Required.**—Section 37 of the same chapter, (Gen. St. 1878, c. 11, § 121,) requiring notice of the expiration of the time of redemption by "persons holding tax certificates," *held* applicable to assignees of the interest of the state before forfeiture, but inapplicable to an assignee or grantee acquiring such interest after forfeiture, in which case, by the terms of the statute, the conveyance is absolute and without redemption. Laws 1877, *c.* 6, § 32; Gen. St. 1878, *c.* 11, §§ 101, 102.

**Same—Notice not required of State.**—Such notices are not required to be served on behalf of the state.

Cross appeals by the relator and by the defendant, auditor of St. Louis county, from an order of the district court for that county, *Start*, J., presiding, (acting for the judge of the 11th district,) directing the issue of a peremptory *mandamus*, requiring the defendant to certify to the relator the amount due upon the redemption of each of the parcels of land described in the alternative writ, the interest of the state in which was assigned on or prior to April 24, 1879, and denying a peremptory writ, and discharging the alternative writ, in case of each parcel where the interest of the state was assigned after that date.

*Ensign, Cash & Williams,* for relator.

*W. W. Billson* and *C. D'Autremont, Jr.,* for defendant.

VANDERBURGH, J.   All the lands in controversy were bid in for the state on the 24th day of April, 1876, at a tax-judgment sale, for the taxes of 1874.   By the act of March 6, 1877, (Laws 1877, *c.* 6, § 25,) the time of redemption from tax sales was extended to three years.   This did not operate to extend the time of redemption of land previously sold or assigned to tax purchasers.   *Merrill* v. *Dearing,* 32 Minn. 479, (21 N. W. Rep. 721.)   But the legislature might so bind the state and its assignees, because, as to the state, the grant of additional time to land-owners to redeem was with its own consent, and, as respects subsequent assignees of the interest acquired by the state, they, of course, took subject to the conditions imposed by the existing statute.   The section so amended was clearly applicable and constitutional as to lands still held undisposed of by the state, upon which the time of redemption had not expired.

The time for the redemption of these lands did not expire, therefore, until April 24, 1879.   The interest of the state in all of them was assigned and transferred to divers purchasers subsequent to the act of March 6, 1877; some of such transfers being made before, and others after, the expiration of the statutory time of redemption.   The provisions of section 37 of the same act, requiring notice of the expiration of the time of redemption in certain cases, while they could not be constitutionally extended to purchasers who acquired interests prior to its passage, (*State* v. *McDonald,* 26 Minn. 145; 1 N. W. Rep. 832,) yet were clearly applicable to assignees of the state acquiring certificates of assignment subsequent to its passage, and before the expiration of the time of redemption.   That section provides that "every *person* holding a tax certificate shall, at least 90 days before the expiration of the time of redemption, present such certificate to the county auditor," who is thereupon required to cause notice to be served as therein required.   A subsequent assignee of the state, holding a certificate of assignment acquired before forfeiture to the state, is within the terms of this section, and would take subject to its provisions.   *Nelson* v. *Central Land Co.,* 35 Minn. 408, (29 N. W. Rep. 121.)

But, in respect to such lands as were purchased subsequent to forfeiture, a different policy is indicated by the statute, and a different procedure provided. As held by the learned judge who tried the case in the court below, the words "persons holding tax certificates," as used in section 37, were not intended to include the state, but purchasers and assignees as designated in sections 23 and 24 of the same act. The statute does not cast upon the state the burden of causing notice to be served. What the county officers are to do, and for whom they are to act, plainly appears. No provision is made for serving notice in behalf of the state, and no officer is charged with any such duty, or authorized to incur any expense for such service. On the contrary, it is expressly provided that the county, which is the local political subdivision representing the state in the premises, "shall not be liable for any expenses under the provisions" of the act.

The primary object of the proceedings throughout is to bring unpaid taxes, penalties, and interest into the treasury, (1) by a public sale of the delinquent lands; (2) if bid in for the state for want of bidders, by a sale and assignment of the interest of the state in such lands to purchasers who will pay the required amount within the period fixed for redemption; and (3) by an absolute sale and conveyance after the expiration of such period. The language of the statute is very clear on the subject, and there is no room for question. In the first two classes the notice must be given by the purchaser or assignee, and the statutory time for redemption commences to run alike in each case when the land is purchased or bid in at the tax-judgment sale. In the third class the state holds the land until after the expiration of the time named in the statute for redemption, subject to sale; and while the land is so held by the state, as we have seen, no notice is required to be given; and no notice is required to be given by the purchaser in such cases if the right of redemption must, by the terms of the statute, expire when the sale is made. And it is entirely clear that, after such transfers, no redemption is intended or provided for in the statute.

Section 24 of the act of 1877, above referred to, provides that at any time after any piece or parcel of land has been bid in for the state, and before the same shall have become forfeited to the state,

the county auditor may assign the right of the state to any person who shall pay the amount, etc. Section 31 provides that in such cases the auditor shall note the assignment upon the judgment book. Section 32 (Laws 1877, p. 41) provides that all lands or lots bid in for the state, and "not redeemed within three years from the date of sale, shall become forfeited to the state," and the auditor was required to enter upon the tax-judgment book, against each description, "forfeited to the state," and, after the regular delinquent tax sale each year, to offer and sell the forfeited lands to the highest bidder, and execute to the purchaser a certificate in the statutory form *excepting the redemption clause;* and "such certificate shall pass to the purchaser an absolute title to the estate therein described, without any other act or deed whatever." It is plain that the provisions of section 37 were not intended to apply to this class of purchasers. The notice was not to be given by the state, nor by the purchaser, because the sale to him was to be without any redemption.

The modification of this section in Gen. St. 1878, *c.* 11, §§ 101, 102, does not materially affect the question under consideration. Under these sections, lands bid in for the state, and not redeemed within two years after the sale, "shall become the absolute property of the state, and may be disposed of by the county auditor at public or private sale, as the auditor of state may direct;" and (section 102) "the county auditor shall execute to the purchaser a deed in fee-simple, which shall pass an absolute title, *without any other act or deed* whatever;" and such deed may be immediately recorded, while assignments pending the period of redemption are not to be recorded till after the expiration of that period. Permission to redeem, up to the time of such sale, is given, but not afterwards, and of course no notice to redeem could be required where no redemption is allowed.

Order affirmed.