AGNES MUELLER and another *vs.* SIDNEY D. JACKSON and others.

November 22, 1888.

**Taxes — State Assignment Certificate — Notice of Expiration of Redemption—Burden of Proof.**—A "state assignment certificate," executed pursuant to Gen. St. 1878, *c*. 11, § 89, is only evidence of title when accompanied by proof of service of the notice of the expiration of the time of redemption as required by Gen. St. 1878, *c*. 11, § 121; and the burden of proof of service of such notice rests upon the party asserting title in fee under the certificate.

**Same—Requisites of Notice of Expiration of Redemption—Prerequisites to Publication.**—Proof of publication of a notice of the expiration of the time of redemption is inadmissible without first proving that it is addressed to the party in whose name the land was assessed, and that it had been delivered to the sheriff for service, and that he had made return thereon to the county auditor.

**Adverse Claims — Answer Asking Possession — Reply Claiming for Improvements—Order of Proof.**—Where, in an action to determine adverse claim to real property, the defendant interposes an answer in the nature of a cross-action in ejectment for the recovery of the possession, and the plaintiff in reply sets up a claim for improvements under the "occupying claimants' act," in case defendant establishes title, the matters set up in the reply constitute no part of plaintiff's case in chief under the complaint, but are only defensive to defendant's answer.

**Trial—Offer of Evidence.**—Where a party makes a single offer of certain evidence all together, part of which is admissible and part inadmissible, it is not error to exclude the whole.

**Proof of Title to Land—Presumption of Continuance.**—Proof that the title of real estate was in a party at a certain date, and that at a subsequent date he conveyed to another, is *prima facie* evidence of title in the latter. It is not necessary that he should prove affirmatively that his grantor had not in the meanwhile conveyed to a third party.

Appeal by plaintiffs from a judgment of the district court for Dakota county, and from an order by *Crosby,* J., refusing a new trial.

*E. St. Julien Cox* and *W. H. Adams,* for appellants.

*John B. & W. H. Sanborn,* for respondents.

MITCHELL, J.   The complaint was the ordinary one in an action under the statute to determine adverse claims to real property in the actual possession of the plaintiffs.   The answer alleged title in the defendants, and demanded judgment for the possession; being thus, in effect, a complaint in ejectment.   *Eastman* v. *Linn*, 20 Minn. 387, (433.)   The reply alleged facts entitling the plaintiffs to compensation for improvements, etc., under the "occupying claimants' act," in case the title should be found in defendants.   The plaintiffs, in their case in chief, to prove title in themselves, (which was the only allegation of the complaint denied in the answer,) offered in evidence "a state assignment certificate," (Ex. A.) executed January 14, 1879, purporting to assign to Jenzen (plaintiffs' grantor) all the interest of the state acquired at a sale of the premises on September 20, 1878, under a judgment rendered August 14, 1878, for the taxes of 1877.

This was properly excluded by the court, for the reason that it was not evidence of title, unless accompanied by proof that notice of the expiration of the time of redemption had been served, the burden of proving which was upon the plaintiffs.   Gen. St. 1878, c. 11. § 85; *Nelson* v. *Central Land Co.*, 35 Minn. 408, (29 N. W. Rep. 121;) *State* v. *Smith*, 36 Minn. 456, (32 N. W. Rep. 174.)

The affidavit of publication of notice of the expiration of redemption, (Ex. B.) subsequently offered, was also properly excluded, for various reasons:   *First*, because it did not appear that it was addressed to the person in whose name the land was assessed; *second*, there was no evidence that it had ever been delivered to the sheriff for service, or that the sheriff had ever attempted to serve it, or had ever made any return thereon to the county auditor.   Gen. St. 1878, c. 11, § 121.

The "omnibus" offer made by plaintiffs, referred to in their third and fourth assignments of error, was properly rejected, for the following reasons:   It had no tendency to prove their case in chief on their complaint, viz., title in themselves; and, even if all competent to establish the plaintiffs' rights under the occupying claimants' act, it was no part of their original case under their complaint, but in support of their reply to defendants' answer, which, as we have seen, was in the nature of a complaint in ejectment; and, secondly, even if it had been offered in its proper order in support of the reply, it

would have been properly rejected, because it was all offered together as one offer, and part of it was clearly incompetent.

It can hardly be necessary to say that evidence that the title was in Jackson at a certain date, and that he subsequently conveyed to defendants, made out *prima facie* a good chain of title in defendants. It was not incumbent on them to prove affirmatively that Jackson had not previously conveyed to some one else. Neither can it be necessary to add that under our statute a deed of quitclaim is as effectual to convey all the estate of the grantor as a deed of bargain and sale.

Order and judgment affirmed.