## COULTER v. STAFFORD.

(Circuit Court of Appeals, Ninth Circuit. May 8, 1893.)

1. TERRITORIES — ACTS OF LEGISLATURE—VALIDITY—SUBMISSION TO CONGRESS.
  Rev. St. § 1850, requires that all laws passed by territorial legislatures, except certain territories named, "shall be submitted to congress, and, if disapproved, shall be null and of no effect." *Held* that, in order to impeach any law under this section, it must be shown that the same was submitted to congress, and disapproved.

2. CONSTITUTIONAL LAW — OBLIGATION OF CONTRACTS — TAX DEEDS AND CERTIFICATES.
  The statute of Washington Territory, (Laws 1886, p. 92,) requiring the holders of tax certificates to give notice to the owner or occupant of land before they can obtain tax deeds, did not, in its application to a tax certificate issued before its passage, impair the obligation of the contract evidenced by the certificate, and the holder thereof was bound to give such notice.

3. TAX DEEDS—VALIDITY—NOTICE TO OWNER.
  In case the land was unoccupied, and the owner could not be found, the act required the notice to be published three times in a newspaper printed in the county, the first publication to be not more than five months and the last not less than sixty days before the expiration of the time for redemption. *Held*, that one whose certificate entitled him to a deed on May 7, 1886, had a reasonable and sufficient time after the passage of the act (Feb. 3, 1886) to comply with its provisions; and it was immaterial that, owing to delay in publishing the law, he did not in fact have knowledge of it in time.

4. SAME—LIMITATION OF ACTIONS.
  A deed made by the sheriff in such case without a compliance with the statute, and without reciting such a compliance, is a deed void upon its face for want of authority to execute it, and is insufficient to set the statute of limitations running in favor of the grantee.

In Error to the Circuit Court of the United States for the District of Washington.

At Law. Action by Samuel Coulter against John A. Stafford for the recovery of land sold for taxes. A jury was waived, and the cause was tried to the court, which gave judgment for defendant. See 48 Fed. Rep. 266. Reversed.

Tustin, Gearin & Crews and W. S. Beebe, for plaintiff.
Battle & Shipley, for defendant.

Before GILBERT, Circuit Judge, and KNOWLES and HAWLEY, District Judges.

HAWLEY, District Judge. This is an action to recover certain real estate situate in Seattle, King county, Wash. The plaintiff in error claims to be the owner, and deraigns his title by mesne conveyances from a patentee of the United States. The land was assessed for taxes in 1882 in the name of Albert Carr, the owner thereof at that time. The taxes became delinquent, and the land was sold at public sale by the sheriff of King county on May 7, 1883,

to one H. Jacobs, and a certificate of sale therefor was given to the purchaser. Jacobs subsequently assigned said certificate to John A. Stafford, the defendant in error, and on July 14, 1886, the sheriff made, executed, and delivered to said Stafford a deed therefor. This deed was recorded July 17, 1886. At the time the deed was executed the land was unoccupied and unimproved, and was of but little value. The defendant claims that under and by virtue of the tax deed he entered upon and took actual possession of said land on October 1, 1886, and during that year inclosed the same with a fence, and began the work of clearing and improving the same, and thereafter erected a dwelling house thereon, and has, ever since the 1st of October, 1886, been in the open, notorious, actual, quiet, peaceable, continuous, exclusive, and adverse possession thereof up to the time of the commencement of this action on the 29th day of January, 1890.

From the findings of the court below the plaintiff is entitled to a judgment in his favor, unless the defendant acquired a valid title by the sheriff's deed, or unless the action is barred by the statute of limitations. There are several preliminary objections to the consideration of some questions contained in the record, which we deem unnecessary to notice, as we shall be governed only by the findings of the court, and a consideration of the merits of the case as presented by the findings.

The only other preliminary question deserving of notice is the contention made by defendant's counsel that certain laws of the territory of Washington are not binding, because by the enabling act under which Washington Territory was organized, and by section 1850 of the Revised Statutes of the United States, all laws passed by the legislature are required to be submitted to congress for approval. Section 1850 reads as follows:

"All laws passed by the legislative assembly and governor of any territory (except certain named territories, of which Washington is not one) shall be submitted to congress, and, if disapproved, shall be null, and of no effect."

We are of opinion that, in order to impeach the validity of any act under this section, the party claiming it to be invalid would have to show that it had been submitted to congress, and that it had been disapproved. In the absence of any evidence or specific finding of any action upon the part of congress, we are bound to presume that the laws of Washington Territory are of binding force and effect.

At the time of the sale of the property for delinquent taxes the Code of Washington provided that—

"If within three years after the sale of any tract or lot of land for taxes the same has been not redeemed, as provided, the lawful holder of a valid certificate of sale shall be entitled to a deed to the land described in said certificate, and upon the surrender of said certificate to the sheriff, and the payment of all subsequent taxes against said land, if there be any, and the redemption of said lands from all former sales to the county, not yet redeemed, if there be any, the sheriff must make to the purchaser or his assignee a deed of the property in fee simple, running in the name of the territory of Washington, and reciting in the deed substantially the matters contained in the

certificate, and that no person has redeemed the property during the time allowed by law for its redemption." Code Wash. § 2934.

In 1886 this section was amended by adding thereto the following:

"Provided, however, that no holder or owner of such certificate shall be entitled to a deed of the lands or lots so purchased until the following conditions have been complied with, to wit: Such holder or owner shall cause to be served a written or printed notice of such purchase on the person or persons in actual possession or occupancy of such tract or lot of land, and also the person in whose name the same was taxed or assessed, if, upon diligent inquiry, he can be found in the county, at least sixty days prior to the expiration of the three years aforesaid, in which notice he shall state when he purchased the land or lot, the description thereof, for what year taxed or specially assessed, and when the time of redemption will expire. If no one is in the actual possession or occupancy of such tract or lot of land, and the person in whose name the same was taxed or assessed, upon diligent inquiry, cannot be found in the county, then the holder or owner of said certificate shall publish such notice in some newspaper printed and published in the county, * * * which notice shall be inserted three times, the first not more than five months and the last not less than sixty days before the time of redemption shall expire. And the holder or owner of such certificate, or his agent, shall, before he shall be entitled to such deed, make an affidavit of his having complied with the conditions of this section, stating particularly the facts relied on as such compliance, which affidavit shall be delivered to the sheriff, and which shall, by him, be filed in the office of the county auditor, and by him entered on the record of his office, and carefully preserved among the files of his office, which record and affidavit shall be prima facie evidence that such notice has been given. * * * This act shall take effect and be in force from and after its approval by the governor. Approved February 3, 1886." Laws Wash. p. 92.

The defendant claims that a purchaser at a tax sale buys with reference to the laws in force at the time of the sale, and that the amendatory act requiring notice to be given is unconstitutional, in that it impairs the obligation of his contract. This question has been frequently discussed, and many different views have been expressed in regard thereto; but the great weight of authority and reason is clearly to the effect that a statute which requires the holder of a tax certificate, made before its passage, to give notice to the owner or occupant of the land before he can obtain his tax deed, does not impair the obligation of the contract evidenced by the certificate. Under such acts no legal remedy of the holder of the tax certificate is taken away. He is simply required to observe a formality imposed by the statute. By the observance of this formality all his rights are preserved to him unimpaired. Curtis v. Whitney, 13 Wall. 68; Oullahan v. Sweeney, (Cal.) 21 Pac. Rep. 960. Especially is this true in all cases where a reasonable time is given for the holders of such certificates to comply with the provisions of the amendatory act, so as to be entitled to their deeds within the time mentioned in the original act. State v. Hundhausen, 24 Wis. 196; Curtis v. Morrow, Id. 664; Gage v. Stewart, 127 Ill. 207, 19 N. E. Rep. 702. The period of redemption will not come to a close unless the notice required by the amendatory act is given. Compliance with the provisions of the law in this respect is an essential requisite, as a condition precedent, to authorize the sheriff to make the deed. The notice must be given,

and the affidavit of the service must be filed. Gage v. Bani, 141 U. S. 351, 12 Sup. Ct. Rep. 22, and authorities there cited; Slyfield v. Healy, 32 Fed. Rep. 2; Slyfield v. Barnum, 71 Iowa, 245, 32 N. W. Rep. 270; Nelson v. Land Co., 35 Minn. 408, 29 N. W. Rep. 121; Muller v. Jackson, (Minn.) 40 N. W. Rep. 565; Inhabitants of Lunnenburg v. Heywood Chair Co., 118 Mass. 540.

The three years mentioned in section 2934 of the Code expired May 6, 1886, 3 months and 4 days, or 91 days, after the amendatory act took effect. The court found as a fact that the notice provided for in the amended act was never given by the defendant, nor by any one in his behalf, and that no affidavits showing or purporting to show such service was ever filed in the office of the county auditor of King county, or entered in the records of the office of said county auditor. Did the defendant have a reasonable time to enable him to comply with the provisions of the amendatory act? The question as to what constitutes a reasonable time is one of law as well as of fact. We are of opinion that in the present case there was ample time after the amended law took effect on the 3d day of February, 1886, to have enabled the defendant to comply with its provisions prior to the 7th day of May, 1886, when, by the terms of his certificate, he was entitled to a deed. The court found "that no one was in the actual possession or occupancy of said land upon which such notice could be served, and the said Albert Carr was not in King county to enable defendant to serve notice upon him required by said act." This being the case, the defendant was required by the provisions of the law to publish the notice in some newspaper, and have it "inserted three times," the first time not more than five months and the last not less than sixty days before the time of redemption expired. If the notice had been inserted in a newspaper published but once a week, the defendant could have strictly complied with the law, so that the last insertion of the notice would have been published "not less than sixty days before the time of redemption expired." But the law did not require the notice to be published in a weekly newspaper. The notice could have been "inserted three times" in a daily newspaper. In any view that may be taken it seems to us that there was a reasonable time given to the defendant to have complied with the law before the time of redemption expired. It is argued, however, that, on account of the delay in the publication of the law after its passage, defendant was not afforded a reasonable opportunity to comply with its provisions. It is a sufficient answer to this argument to say that the legislature did not make the time for the law to take effect dependent upon the time of its publication. It took effect by its express terms upon its approval by the governor on the 3d day of February, 1886, and the only question is whether there was a reasonable time thereafter to enable defendant to give the notice; and we are of opinion, as before stated, that there was. But, in any event, the defendant should have given the notice before he applied for the deed. The time for redemption did not expire until the notice was given, and the sheriff had no power or authority to execute the deed unless

the notice had been given, and the affidavit of its service made and filed, as required by the law.

The deed having been executed without authority of law, the question is presented whether it was admissible in evidence for the purpose of explaining the possession of defendant, and sufficient to put the statutes of limitation in motion. The statute is as follows:

"Any suit or proceeding for the recovery of land sold for taxes, except in cases when the taxes have been paid on the land redeemed, as provided by law, shall be commenced within three years from the time of recording the tax deed of sale, and not thereafter, except by the purchaser at the tax sale." Section 2939.

The three years after the recording of the deed expired on the 17th day of July, 1889, and this action was not commenced until the 29th day of January, 1890. The statute is therefore a complete bar if the deed in question is of such a character as to make the statute applicable and of force in this case. Numerous authorities have been cited by the respective counsel, bearing more or less upon the question at issue here. There is some conflict of opinion upon the subject in the different state courts. The supreme court of the United States in its decisions has followed the construction of the statute given by the state court from which the case came, wherever the question had been previously passed upon by the state court. Many of the courts discuss at length, and base their decision upon, the distinction which exists between a void deed, one void upon its face, and a deed which is only voidable on account of some defect or irregularity which does not appear upon its face. The direct question came before the supreme court of the United States as early as 1850, in Moore v. Brown, 11 How. 414. The court held that the statute of limitations of the state of Illinois, limiting the time for the bringing of suits where land had been sold for the nonpayment of taxes, was not intended to give protection to a person in possession under a deed void upon its face. In the course of the opinion the court said that the mode of determining whether the deed is void upon its face "is to test the deed by making a reference to the authority recited in it for making the sale, in connection with the act giving the auditor the power to sell. When the sale is found not to be according to that power, the deed is void upon its face, because the action of the auditor is illegal, and the law presumes it to be known to the purchaser. The latter can acquire no title under it. Being a void deed, possession taken under it cannot be said to be adverse and under color of title." In that case the fact was disclosed that the auditor sold the land short of the time prescribed by the act, and the court for that reason held that it was not "a sale according to law." In 1851, in Pillow v. Roberts, 13 How. 472, where there was nothing on the face of the deeds showing them to be irregular, defective, or void, the court held that, under the laws of Arkansas, five years' adverse possession under an invalid deed from a tax collector is a bar to an action by the true owner, and in the course of the opinion it is said that "color of title, even under a void **and** worthless deed, has always been re-

ceived as evidence that the person in possession claims for himself, and, of course, adversely to all the world." The court further said that "the case of Moore v. Brown, 11 How. 424, had reference to a deed void on its face, and in consequence of this fact, under the peculiar statutes of Illinois, it furnishes no authority for the decision of the court below in the present case."

We are of opinion that the facts of the case at bar bring it within the reason of the rule announced in Moore v. Brown, and that it is our duty to follow that decision, unless it has been overruled, or the principles therein announced departed from, in the more recent decisions of the supreme court. If the auditor in that case had no authority to make the deed because the land was sold short of the time prescribed by the law, how can it be claimed that the sheriff, in this case, had any authority to make the deed? Under the law as it existed at and prior to the time when the deed was made, the sheriff was not authorized to execute the deed, unless the affidavit as to the service had been made, presented, and filed as the law provides. Although the deed was prima facie evidence under the laws of Washington of "the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed," (Code Wash. § 2937,) yet the authority to execute the deed is not shown. The statute must always be examined in order to ascertain the authority of the officer to execute the deed. After examining the provisions of the statute, it does not appear upon the face of the deed that the sheriff had any authority whatever to execute it, and, no authority for its execution being shown, it is absolutely null and void, and wholly insufficient to put the statute of limitations in motion, and the court erred in admitting it in evidence for any purpose. Such we understand to be the conclusions reached by the decisions of the supreme court of the United States in cases where it was not controlled by the decisions of the state court from which the cases came. In Redfield v. Parks, 132 U. S. 239, 10 Sup. Ct. Rep. 83, which came before the court upon a writ of error from the eastern district of Arkansas, the court held that a deed of land sold for the nonpayment of taxes, which recites that the sale was made on a day which was not the day authorized by law, is void on its face, and is not admissible in evidence to support an adverse possession under a statute of limitations. The opinion of the court approves the principles announced in Moore v. Brown, supra, and refers to Waterson v. Devoe, 18 Kan. 223, 232, where the court said that—

"A tax deed, to be sufficient, when recorded, to set the statute of limitations in operation, must of itself be prima facie evidence of title. * * * It is not necessary that it be sufficient to withstand all evidence brought against it to show that it is bad, but it must appear to be good upon its face. * * * When the deed discloses upon its face that it is illegal, when it discloses upon its face that it is executed in violation of law, the law will not assist it. No statute of limitations can then be brought in to aid its validity,"—and adds: "Similar decisions have been made in the cases of Mason v. Crowder, 85 Mo. 526; Sheehy v. Hinds, 27 Minn. 259, 6 N. W. Rep. 781; Cutler v. Hurlbut, 29 Wis. 152; Gomer v. Chaffee, 6 Colo. 314; Wofford v. McKinna, 23 Tex. 36. We do not discover in the statute of Arkansas, nor in the decisions of its courts cited by counsel for

defendant, anything to contravene these views, and we think that both the weight of authority and sound principle are in favor of the proposition that when a deed founded on a sale for taxes is introduced in support of the bar of a possession under these statutes of limitations it is of no avail if it can be seen upon its face and by its own terms that it is absolutely void."

In Hurd v. Brisner, 3 Wash. St. 1, 28 Pac. Rep. 371, the supreme court held that in cases where a sale of land for taxes is void the statute of limitations cannot be invoked by the holder of the tax title.

The judgment of the circuit court is reversed, and the cause remanded for a new trial.