STATE ex rel. NATIONAL BOND & SECURITY COMPANY v. EDWARD
G. KRAHMER.[1]

September 18, 1908.

Nos. 15,581—(146).

**Constitution—Obligation of Contract.**

A law does not impair the obligation of a contract within the meaning of the constitution, if neither party is relieved thereby from performing anything of that which he obligated himself to do. But, if either party is absolved from performing any of these things, such obligation is impaired, whether the absolution is effected directly and expressly or indirectly, and only as the result of some modification of the legal proceedings for enforcement.

**Tax Certificate.**

The validity of a tax certificate and the rights of the holder thereof are to be determined by the laws in force at the time the certificate is acquired. Any statute which impairs any of the substantial rights secured to the holder by the existing laws is unconstitutional.

**Same—What Law Governs.**

The rule that the rights of parties in tax proceedings are to be determined by the law in force at the time of the tax sale and the issuance of the certificate does not prevent the legislature from making changes in the manner of enforcing the lien which do not substantially impair any of the obligations of the contract.

**Notice of Time to Redeem.**

The holder of a certificate has a lien upon the land which ripens into a title in fee upon the expiration of the time for redemption and the failure of the landowner to redeem after the giving of the statutory notice of the expiration of the redemption period. Prior to the enactment of chapter 271, Laws 1905, the holder of a tax certificate could not perfect his title without causing a notice of expiration of the time of redemption to be given. The notice might be given at any time after the expiration of the statutory period. This statute required the notice to be given within six years after the entry of the tax judgment. *Held*, that the statute does not impair any of the obligations of the contract.

**Right to Refundment.**

Chapter 271, Laws 1905, does not deprive the holder of a tax certificate of the right to refundment secured to him under the prior law.

[1] Reported in 117 N. W. 780.

**Service of Notice.**

The statute makes no change in respect to service of notice upon persons under disability. The law in this respect remains the same as before the enactment of chapter 271, Laws 1905.

**Reasonable Time.**

The period of eight months and thirteen days allowed by chapter 271, Laws 1905, within which the holders of existing tax certificates may cause notices of expiration of redemption to be given, is a reasonable time for the purpose.

**Act Constitutional.**

Chapter 271, Laws 1905, is constitutional.

Application to the district court for Ramsey county upon the relation of the National Bond & Security Company for a writ of mandamus against Edward G. Krahmer, auditor of Ramsey county, to compel him to issue a notice of the expiration of the time for redemption from a tax sale of a certain lot bid in by the state in 1898. The sole question involved was whether Laws 1905, c. 271, requiring notice of expiration of redemption from tax sales to be issued within six years from the date of said sale, was valid and constitutional. From a judgment entered pursuant to the order of Brill, J., dismissing the proceeding and the alternative writ, relator appealed. Affirmed.

*William G. White,* for appellant.

*Richard D. O'Brien* and *Patrick J. Ryan,* for respondent.

ELLIOTT, J.

This appeal involves the constitutionality of chapter 271, p. 407, Laws 1905. The general tax for the year 1896 upon lot 11, block 2, Macalester View addition, city of St. Paul, was duly levied and assessed. The lot was thereafter sold under a judgment and bid in by the state. On November 27, 1899, a state assignment certificate was issued to the National Bond & Security Company, the relator herein. No redemption was made from the sale, and on September 25, 1907, the company presented the certificate to the auditor of Ramsey county, and requested that a notice of expiration of the time for redemption issue. As more than six years had elapsed from the date of the sale, the auditor refused to issue the notice. The trial court dismissed the alternative writ of mandamus, and ordered judgment for

the respondent. The appeal is from the judgment entered on this order.

1. Chapter 271, p. 407, Laws 1905, approved April 18, 1905, went into effect on January 1, 1906. It provided that "no notice of the expiration of the time of redemption upon any certificate of tax judgment sale issued to an actual purchaser, or upon any state assignment certificate issued under the provisions of section 1601 of the general statutes of 1894, shall issue or be served under the provisions of section 1654 of the general statutes of 1894, or any other law in force at the time of the passage of this act, after the expiration of six years from the date of the tax judgment sale described in any such certificate; nor shall any such certificate be recorded in the office of any register of deeds after the expiration of seven years from the date of such sale. All such certificates upon which such notice of expiration of redemption shall not be issued and served, and such certificate recorded in the office of the proper register of deeds within the times limited by this act, shall be void and of no force or effect for any purpose whatever."

The appellant concedes that the statute is constitutional as applied to tax judgment sales made after it went into effect, but contends that, as applied to a certificate issued before its enactment, it is unconstitutional because it impairs the obligation of the contract in that it (a) compels the holder to abandon his right to hold the certificate as a lien on the land until the tax is paid; (b) compels him to demand payment and thus create a default; (c) destroys his right to refundment; (d) compels him to bring an action to determine the validity of his certificate; (e) destroys his right to the possession of the land with the rents and profits thereof; (f) makes no provision for the issuance of the notice of redemption when the land is held by persons under disability; and (g) does not afford him a reasonable time within which to have his rights under the certificate adjudicated.

2. Prior to 1877 a tax deed issued in accordance with the general tax law of 1874 (Laws 1874, p. 17, c. 1) conveyed a title which became absolute at the expiration of the period for redemption. No notice of the expiration of the time was required to be given to the owner. But section 37, c. 6, p. 42, Laws 1877, provided that before the owner should be deprived of his land he must be given notice, and the

·effect was to make the lapse of time depend upon the service of this notice and the right to redeem remained irrespective of the lapse of time until the notice was given. As said in Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721, the statute meant that the owner's right to redeem should continue until and for a specified number of days after the service of the notice, provided "that this redemption period shall not in all be less than three years from the date of sale." A party asserting title in fee by virtue of a tax certificate had the burden of proving that the notice had been duly given. Nelson v. Central Land Co., 35 Minn. 408, 29 N. W. 121; Mueller v. Jackson, 39 Minn. 431, 40 N. W. 565.

Laws 1881, p. 32, c. 10, '§ 22, attempted to repeal this requirement ·of notice, but this section of the act was held unconstitutional because the subject-matter was not expressed in the title. The act of 1877 applied to assignees of the interest of the state before forfeiture (Nelson v. Central Land Co., supra; Mueller v. Jackson, supra), but not ·to an assignee or grantee acquiring such interest after forfeiture (State v. Smith, 36 Minn. 456, 32 N. W. 174). By section 1, c. 198, p. 311, Laws 1889, it was provided that the title to all land sold to purchasers "under and by virtue of the provisions of section one hundred and one (101), chapter eleven (11), general statutes of eighteen hundred and seventy-eight (1878), [G. S. 1894, § 1616] * * * shall not expire until the notice contemplated by this act shall have been given by said purchaser." Since 1889 the right of redemption could not in any ·case be eliminated without giving the notice provided for by the statute. Powell v. King, 78 Minn. 83, 80 N. W. 850; State v. Halden, 62 Minn. 246, 64 N. W. 568. The act of 1905 did not go into effect for eight months and thirteen days after its passage. It required the holder of an existing certificate to do within a designated time what before its enactment he was required to do in order to perfect his title, but which he might do at such time as suited his convenience. Did this provision impair any of the substantial rights of the holder of such a certificate?

The respondent contends that the statute affects the remedy only, and such was the view taken by the learned trial court. It is conceded that no one has a vested right in any particular remedy, and that the legislature may change or modify the existing remedies for the

enforcement and protection of contract rights so long as an adequate remedy remains. Cooley, Const. Lim. (5th Ed.) 361; Kipp v. Johnson, 31 Minn. 360, 17 N. W. 957; Whitney v. Wegler, 54 Minn. 235, 55 N. W. 927. This doctrine was applied in Archambau v. Green, 21 Minn. 520, where it was held that the legislature might properly shorten the time within which a mortgage must be foreclosed from twenty years, as provided by statute when the mortgage was executed, to ten years. Of this legislation the court said: "It in no way impairs the contract rights of the parties, neither increasing nor diminishing the same, but simply prescribing the time within which those rights must be enforced. That it is competent for the legislature to enact and to change a statute of limitations applicable to judicial remedies, and to contracts already in force, is settled beyond question, and we are unable to conceive of any reason why it is not equally competent to enact or to change a rule of limitation applicable to the right to a remedy in pais, like that of foreclosure by advertisement." This case sustains the decision of the trial court, and requires an affirmance, unless it is inapplicable because the terms of the existing statutes have been so incorporated into the contract that a change thereof in any respect will impair the obligation of the contract.

The appellant contends that his rights are controlled by the rule recognized in Heyward v. Judd, 4 Minn. 375 (483), and Archambau v. Green, 21 Minn. 520, that, "if the parties to a contract include in it, in express terms, the remedy to be sought upon its breach, or the means to be used for securing its performance, subsequent legislation changing the remedial process they have agreed upon is, as to them, inoperative." Black, Const. Law (2d Ed.) p. 622; International v. Hardy, 86 Tex. 610, 26 S. W. 497, 24 L. R. A. 284, 40 Am. St. 870. The rights of parties in tax proceedings are determined by the law in force at the time of the tax sale, and this includes the proceedings necessary to perfect title by a proper notice of the expiration of the period for redemption. Fleming v. Roverud, 30 Minn. 273, 15 N. W. 119; State v. Foley, 30 Minn. 350, 15 N. W. 375; Kipp v. Johnson, 73 Minn. 34, 35, 75 N. W. 736; Phelps v. Powers, 90 Minn. 440, 441, 97 N. W. 136; Otis v. City of St. Paul, 94 Minn. 57, 101 N. W. 1066, 1134; Comstock, Ferre & Co. v. Devlin, 99 Minn. 68, 108 N. W. 888; Stein v. Hanson, 99 Minn. 387, 109 N. W. 821; Jenks v. Henningsen,

102 Minn. 352, 113 N. W. 903; Lawton v. Barker, supra, page 102, 117 N. W. 249. Under this rule the validity of the notice of expiration of the time for redemption is determined by the statute which was in force when the assignment was issued. Pigott v. O'Halloran, 37 Minn. 415, 35 N. W. 4; Stein v. Hanson, 99 Minn. 387, 390, 109 N. W. 821. Such statutes enter into and form a part of the contract between the state and the purchaser, and cannot be repealed or so modified as to affect any of the substantial rights of either the holder of the certificate or the owner of the land.

But this rule is only remotely analogous to that which requires a private contract to be enforced through the remedies provided for in the contract by the express agreement of the contract, and deprives the legislature of the power to in any manner change such remedies. In the private contract the parties expressly, and with conscious intention, stipulate that the obligations of their contract shall be enforced according to the procedure then provided by the statute. They deliberately determine and stipulate the remedy, and, if the contract is otherwise legally unobjectionable, the courts will protect them in their choice of remedies. The validity of a tax sale and the procedure necessary to enforce the lien and perfect the title of the purchaser are determined by the law in force at the time of the sale. But this doctrine does not rest upon the theory that the parties have expressly agreed that the remedies provided by the statute for the enforcement of the lien shall be exclusive and controlling. The state is a party to this contract, and is bound to see that its obligations are in no way impaired. The rights of the holder of a certificate are determined by the existing law, because that law determines what he is entitled to receive and what he is required to do before he can receive it. A subsequent statute which assumes to deprive him of any substantial right secured to him by the existing law, such as the right to refundment, would impair the obligations of the contract (Gray v. City of St. Paul, supra, page 19, 116 N. W. 1111), as it would partially destroy the substance of that for the protection of which the lien is given.

When it comes to the enforcement of the lien, the question is one of remedies. What the purchaser has received and is entitled to receive has been definitely determined, and the remedy must be such as will

enable him to perfect and make effective his rights under the contract. All that remains for him to do is to give the proper notice to the owner of the land in order that he may redeem, or, by failing to do so, transmute the lien into a perfect title in fee. The notice is for the benefit of the owner, and all the cases in which it has been held that the notice must be given as required by the law in force at the time of the sale have been determined, as it were, from the standpoint of the owner. His rights, and not those of the certificate holder, are protected by the notice. The right to require a proper notice is an essential part of the contract, which cannot be impaired without relieving the purchaser from one of the obligations imposed on him. It is a burden imposed by the contract upon the purchaser, and he can have no vested right in the privilege of delaying the giving of the notice indefinitely, even though the statute in force at the time of his purchase did not require him to give a notice within a specified time.

The certificate holder may properly object to the imposition of additional burdens or the relieving of either party from any obligations imposed by the contract. But he acquires no vested right in any particular specific remedy for the enforcement of his lien on the theory that it is by implication written into the contract. The existing statutes became a part of the contract in the same sense and to the same extent that the statutes become a part of every contract made with reference to their existence. The holder of a certificate is entitled to the remedy for the enforcement of the lien which the law provided when the certificate was issued, or to some other remedy which to the same substantial extent protects his rights. This rule in no way impairs or changes the rule so frequently announced that the validity of tax sales and the proceedings thereunder are determined by the laws then in force.

Now, let us see what were the rights of the relator under his contract. The holder of a tax certificate acquires the title to the land, subject to its being defeated by the subsequent payment of the tax or by a judicial determination of the invalidity of the certificate. Either eliminates his rights in the land. If the tax is paid, he receives his money with twelve per cent. interest. If the certificate is adjudged void, he receives from the county the amount paid for the certificate, and also the amount paid for all subsequent delinquent taxes, with

interest thereon. Sections 1610, 1697, G. S. 1894 (modified by section 963, et seq., R. L. 1905). If there is no redemption from the sale, he is, after the lapse of two years from the date of the sale, entitled to the possession of the land and the rents and profits accruing therefrom. Section 1609, G. S. 1894. As summarized in Otis v. City of St. Paul, 102 Minn. 208, 113 N. W. 269, the rights of the certificate holder under his contract were to (a) receive a valid title to the land on compliance with the statutory requirement; (b) the repayment of his money invested, with interest thereon, upon redemption; or (c) the return of his money invested, with interest thereon, upon the final judicial determination of the invalidity of the certificate.

It is clear that none of these rights are affected by the statute under consideration, unless it is the first. The holder of the certificate was required before he could receive a valid title to the land to comply with certain statutory requirements, one of which was the giving at a time chosen by himself of a notice which was necessary to eliminate the right of redemption. Until this was done, he had merely a lien upon the land which stood as security for the repayment of the purchase money, with interest thereon at twelve per cent. per annum. Brackett v. Gilmore, 15 Minn. 190 (245); National Bond & Security Co. v. Daskam, 91 Minn. 81, 97 N. W. 458. Under section 975, R. L. 1905, this lien continues indefinitely until the right of redemption is terminated by the giving of the proper notice, but at the time of the sale under which the relator received his certificate the lien continued for but ten years from the entry of the tax judgment.

A law does not impair the obligation of a contract, within the meaning of the constitution, if neither party is relieved thereby from performing anything of that which he obligated himself to do. But if either is absolved from performing any of these things, such obligation is impaired, whether it is done directly and expressly, or indirectly and only as the result of some modification of the legal proceedings for enforcement. Oshkosh v. City, 109 Wis. 208, 85 N. W. 376, 95 Am. St. 870; Von Hoffman v. City of Quincy, 4 Wall. 535, 553, 18 L. Ed. 403.

The statute under consideration does not relieve the state or the landowner of any obligation imposed by the contract. It does not impose any additional burden upon the holder of the certificate. He was

required to give notice by the law which was in force, when he purchased the certificate. He was not entitled to a deed upon the mere lapse of the statutory time for redemption, as was the holder of the certificate whose rights were considered in State v. McDonald, 26 Minn. 145, 1 N. W. 832. He was under the law then required to do the affirmative act of giving the notice if he desired to perfect his title. We are satisfied that a statute which requires that same act to be done within a reasonable time does not impair any of the obligations of the contract. Gage v. Stewart, 127 Ill. 207, 212, 19 N. E. 702, 11 Am. St. 116; Black, Tax Titles, p. 408.

In State v. McDonald it was held that section 37, c. 6, p. 42, Laws 1877, did not apply to assignments of tax certificates made previous to its enactment, and it was said that it could not be made applicable to prior assignments under the constitution. This case was cited with approval in State v. Smith, 36 Minn. 456, 32 N. W. 174, and its doctrine was accepted as correct in State v. Fylpaa, 3 S. D. 586, 54 N. W. 599.

There is a substantial difference between State v. McDonald and the case at bar. The act of 1877 required the giving of a notice which was not required to be given under the general tax law of 1874. Before 1877 the title of the holder of the certificate became absolute upon the mere expiration of the time fixed by the statute for redemption. The effect of the requirement of notice was to require the holder of the certificate to assume the burden of doing something which was not required of him by the law in force when he purchased the certificate, or to extend the period of redemption which would impair the obligation of the contract. Barnitz v. Beverly, 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93; Merrill v. Dearing, 32 Minn. 479, 21 N. W. 721; State v. Smith, supra; Kipp v. Johnson, 73 Minn. 34, 75 N. W. 736; State v. Fylpaa, supra; Wilder v. Campbell, 4 Idaho, 695, 43 Pac. 677. No new obligation is imposed by the present statute on the holder of the certificate, and it cannot have the effect of extending the time for redemption contrary to the will of the holder of the certificate. As well said in Oullahan v. Sweeney, 79 Cal. 537, 21 Pac. 960, 12 Am. St. 172: "It may be assumed, for the purposes of this case, that the legislature cannot make an absolute extension of the time for redemption of property previously sold. But this has not been attempted to be done by the provision in question. The pur-

-chaser may still obtain his deed at the expiration of twelve months, provided he takes the proper proceedings. If he does not take them, it is his own fault, and he alone is responsible for the consequences."

When State v. McDonald was decided, the attention of the court was probably not called to the fact that the supreme court of the United States, in Curtis v. Whitney, 13 Wall. 68, 20 L. Ed. 513, had held upon substantially the same facts that such a statute did not violate the provisions of the constitution which forbids any state to pass any law impairing the obligation of contracts. In Curtis v. Whitney it appeared that a tax sale had been made under a state law which provided that the purchaser at such sale would acquire title to the land sold after the lapse of three years, if no redemption was made. No notice of the expiration of the time of redemption was required to be given. A subsequent statute required the giving of such a notice before the purchaser could acquire title. It was held that this additional requirement did not violate any of the provisions of the constitution of the United States. "In the case before us," said Mr. Justice Miller, "the right of plaintiff to receive her deed is not taken away, nor the time when she would be entitled to it postponed. While she had a right to receive either her money or her deed at the end of three years, the owner of the land had a right to pay the money and thus prevent a conveyance. These were the coincident rights of the parties growing out of the contract by which the land was sold for taxes. The legislature, by way of giving efficacy to the right of redemption, passed a law which was just, easy to be complied with, and necessary to secure in many cases the exercise of this right. Can this be said to impair the obligation of plaintiff's contract, because it required her to give such notice as would enable the other party to exercise his rights under the contract? How does such a requirement lessen the binding efficacy of plaintiff's contract? The right to the money or the land remains, and can be enforced whenever the party gives the requisite legal notice. The authority of the legislature to frame rules by which the right of redemption may be made effectual cannot be questioned, and among the most appropriate and least burdensome of these is the notice required by statute." Vance v. Vance, 108 U. S. 514, 518, 2 Sup. Ct. 854, 27 L. Ed. 808.

The comparatively recent case of Wheeler v. Jackson, 137 U. S.

245, 11 Sup. Ct. 76, 34 L. Ed. 659, also very much resembles the case at bar. The plaintiff in that case had purchased at a tax sale at a time when the law provided that, if no redemption was made within a period of two years, the collector of the district should convey the land to the purchaser. No notice of the expiration of the redemption period was required to be given. After the purchaser had acquired his certificate, a statute was passed which provided that no action should be brought to compel the conveyance of the land to the holder of the certificate upon any sale for taxes made more than eight years prior to the passage of the act, unless such action should be brought within six months thereafter, and that, after the expiration of the six months, the registrar should cancel the record in his office of all sales made more than eight years prior to the passage of the act upon which no conveyance had been granted and no action been commenced. The lien of all certificates the record of which was thus canceled should "cease and determine." The effect of the statute was to require the holder of the tax certificate to take affirmative steps to protect his title within the time fixed by the statute or lose his lien. It was contended as in the case at bar, that the purchaser of the tax certificate under the law in force at the time of his purchase acquired the right "to bide his time, not to take out a lease and engage in litigation to secure the land itself, but, as the easier course, to wait and rely on securing, through the operation of the record of sale in the office of the registrar, the very profitable return on his money, provided by the percentage of fifteen per cent., which, along with the amount of the purchase money, the owner of the land is, by the statutes, compelled to pay, on redeeming the property, in order to clear his title." The act was held to be constitutional. Curtis v. Whitney has been cited in numerous cases, among which we may refer to Coulter v. Stafford, 56 Fed. 564, 6 C. C. A. 18, and Herrick v. Niesz, 16 Wash. 74, 47 Pac. 414.

If this statute deprived the holder of the certificate of the right to refundment, its unconstitutionality would be conceded, as that right is a substantial element of the contract. The right to refundment is conditioned upon a judicial determination of the fact that the certificate is invalid. If the legislature may, without impairing any of the obligations of the contract, require the notice of redemption to be given, it cannot properly be said that a holder of a certificate who

neglects to comply with the statute within the designated time is deprived of his right to refundment. He is simply in the position of having deprived himself of the right to refundment through his neglect and failure to comply with the statute. The vested rights of the holder of the certificate are conditioned upon his compliance with the provisions of the statute which are enacted for the protection of the equally sacred rights of the owner of the land. This statute does not require the relator to bring an action to have the validity of his certificate determined, as was required by the statute which was held invalid in Gray v. City of St. Paul, supra, page 19. The burden rests on the holder of the certificate to give the notice of the expiration of the time for redemption. What might be the effect on his rights of a holding that a notice which he attempted to give was defective and insufficient need not be determined in this action.

If we are correct in our conclusion that the statutory requirement that notice of redemption shall be given within six years after the tax sale affects the remedy and not the substantial obligations of the contract, the results which follow from the failure of the certificate holder to comply with the statute cannot affect the validity of the statute. They can all be avoided by the simple expedient of complying with the statute. The objection that no provision is made for the issuance of the notice of expiration of redemption where the land is held by minors, insane persons, idiots, persons in captivity, or other persons under disability, is without force when urged against this statute, which in no respect changes the law which was in existence when the relator acquired his certificate. Service of the notice might then, and still may, be made upon a minor or other person under disability and such person has the right to redeem within his minority or during the period of disability and two years thereafter. "But in such case the right to redeem must be established in a suit for that purpose, brought against the party holding the title under the sale." Section 1603, G. S. 1894; Goodrich v. Florer, 27 Minn. 97, 6 N. W. 452. The holder of the certificate, by the service of the notice upon persons under disability within the six year period prescribed by the statute, will acquire the same rights that he could at any time have acquired by service of such notice under the law which existed at the time he acquired the certificate.

105 M.—28

The statute was approved April 18, 1905, and went into effect January 1, 1906. We think this gave the holders of certificates then in existence ample time and opportunity to perfect their titles by giving the notice before the law went into effect. That the legislature may enact short statutes of limitation provided a reasonable time is given for the bringing of actions upon existing claims is settled. 8 Fed. St. Ann. p. 868, and cases there cited; Stine v. Bennett, 13 Minn. 138 (153); State v. Messenger, 27 Minn. 119, 6 N. W. 457; Lamb v. Powder River Live Stock Co., 132 Fed. 442, 65 C. C. A. 570, 67 L. R. A. 558; Terry v. Anderson, 95 U. S. 628, 633, 24 L. Ed. 365.

The appellant's argument seems to imply that the legislature should regislate on the theory that the outstanding tax certificates are probably invalid, and that it will be necessary for the holders to commence actions to test their validity. But the inference must be that the laws have been complied with, and that the holders of tax certificates have only to give the necessary notices in order to receive back their money with interest thereon or perfect their titles to the lands. If, at the expiration of the time for giving the notice, the validity of a particular certificate is in litigation, that may possibly be a good and sufficient reason for protecting the holder of the certificate in his rights as finally determined. But we fail to see that the possibility of such a contingency is any reason for holding this statute unconstitutional.

The judgment is therefore affirmed.